Tyrone Johnson v. The State of Texas

















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-185-CR

     TYRONE JOHNSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 77th District Court
Limestone County, Texas
Trial Court # 8702-A
                                                                                                                 

O P I N I O N
                                                                                                                 

      A jury convicted Tyrone Johnson of the offense of aggravated robbery and assessed
punishment at ten years in prison. Tex. Pen. Code Ann. §§ 29.03, 12.32 (Vernon 1994). 
Johnson appeals on three points. He complains that the evidence is insufficient to sustain his
conviction, the court erred in overruling his motion to suppress, and the court erred in failing to
give instructions on lesser-included offenses. We will affirm.
 
      On the afternoon of October 15, 1996, Russell Ralston was driving home from the feed store 
in Mexia. His wife Tracy was in the passenger seat, and his four-year-old daughter was in the back
seat. Russell stopped the car at a stop sign at the corner of Denton and Palestine streets. 
      Russell testified that three men ran to the passenger side of the vehicle. The first man put a
gun into the partially-opened window and said, “Give me your money.” The second man said
nothing. The third man grabbed the man with the gun and pulled him away from the window. 
Russell sped away. He stated that he feared for his life during the encounter.
      Tracy also testified that three men ran up to the car. She stated that the first man pointed the
gun at her head and demanded money. The second man said “yeah” or “something rude.” The
third man pulled the gunman away and “told them to leave us alone.” Tracy stated that she was
very upset and “crying in hysterics.”
      Russell and Tracy drove home and called the police. They were asked to come to the police
station. Russell testified that he looked through a book of mug shots but was unable to identify the
men. He said Tracy made identifications from the photographs. 
      Russell testified that a police officer asked him to ride with him in the area where the incident
occurred. While riding, Russell identified two of the three men. The gunman was arrested at that
time. Johnson, the second man identified, was picked up later. Russell also identified Johnson as
the second man who approached their car. Tracy testified that she identified the gunman and
Johnson at the police station after they were arrested.
SUFFICIENCY OF THE EVIDENCE
      Johnson's first point asserts that the evidence is factually insufficient to sustain his conviction
as a party to the offense. He argues that mere presence at the scene of the alleged offense is
insufficient.
      A person commits aggravated robbery if he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death and exhibits a deadly weapon. Id. §§
29.01(a)(2), 29.03(a)(2) (Vernon 1994). A person is a party to an offense if, “acting with intent
to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense . . .” Id. § 7.02(a)(2) (Vernon 1994).
      Both Russell and Tracy testified that Johnson was one of the men who ran up to their car.
Tracy testified that Johnson stated “yeah” or “something rude” when the gunman demanded
money. Thus, the jury could believe that Johnson was not merely present but rather that he
encouraged or aided in the offense. Id. We do not believe that the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). We overrule point one.
SUPPRESSION OF THE EVIDENCE
      Johnson's second point asserts that the court erred in overruling his motion to suppress the
introduction of his clothing into evidence because a pretrial identification of the clothing was
impermissibly suggestive. 
      Johnson's complaint centers around the victims' description of his clothing. On the day of the
offense, Russell described Johnson's clothing as a toboggan and a blue shirt. On January 29, 1997,
just before the Ralstons testified in the first trial,


 the district attorney showed them a bag of
clothing and told them that the clothes were what Johnson had been wearing when he was arrested. 
Russell later testified that Johnson had been wearing a white shirt with blue lettering and a “do
rag.” On the day of the incident, Tracy described Johnson's clothing as a white t-shirt and blue
jeans. She later testified that Johnson had been wearing a blue and white shirt and blue plastic
pants. 
      At the suppression hearing, Russell testified that he saw Johnson at the police station the
afternoon he was arrested. He stated that Johnson was wearing the clothes. Johnson attempted to
show through a police officer that, due to the configuration of the police station, it would have been
impossible for Russell to have seen Johnson that day.
      Johnson argues that by showing the Ralstons one set of clothes and informing them that they
were Johnson's, the district attorney created an impermissibly suggestive pretrial identification
which tainted the in-court identification. In a hearing on a motion to suppress evidence, the trial
judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as
the weight to be given to their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990). We afford almost total deference to a trial court's determination of historical facts
that the record supports, especially when the court's fact findings are based on an evaluation of
credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We
afford the same amount of deference to the court's rulings on application of law to fact questions,
known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on
an evaluation of credibility and demeanor. Id. We review "de novo" mixed questions of law and
fact not falling into this category. Id. 
      Russell identified Johnson on the streets of Mexia. Tracy identified Johnson in person at the 
 
police station on the day of the incident. These identifications were made prior to being shown
any clothing on January 27. We do not find that the court erred in overruling the motion to
suppress. We overrule point two.
LESSER-INCLUDED OFFENSES
      In his final point, Johnson asserts that the court erred in failing to instruct on certain lesser-included offenses. The court instructed the jury on the lesser-included offense of robbery, but
refused to instruct on assault and attempted theft.
      In determining whether a jury must be instructed concerning a lesser-included offense, a two-step analysis must be applied. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993). First, the lesser-included offense must be included within the proof necessary to establish
the offense charged. Id. at 672. Second, there must be some evidence in the record that would
permit a jury rationally to find that if the defendant is guilty, he is only guilty of the lesser offense. 
Id. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. 
Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). 
      Johnson argues that no gun was found on either the gunman or Johnson when they were
arrested. Thus, he argues that the jury could have believed that no gun was involved. Both Russell
and Tracy testified that a gun was used. The evidence that Johnson points to as raising the lesser-included offenses—that a gun was not found later on the person of the alleged perpetrators—is not
evidence that no gun was used. Thus, the court did not err in refusing to instruct on assault and
attempted theft. Id. We overrule point three.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 4, 1998
Do not publish