# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00442-CR

**Winona Lou Old, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 73622, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Winona Lou Old guilty of assaulting her sixteen-year-old son, Aaron Joseph, for which the court assessed a probated sentence of one year in jail and a $500 fine. *See* Tex. Pen. Code Ann. § 22.01 (West Supp. 2006). In three points of error, Old contends that the evidence is legally and factually insufficient to sustain the jury's verdict, and that she did not receive effective assistance of counsel. We will overrule these contentions and affirm the conviction.

This prosecution arose out of an incident at the residence of Debra Wilcox and her daughter, Vonna, in Dripping Springs. Joseph was Vonna's boyfriend. Old had recently moved from Dripping Springs to Comal County, but with Old's permission Joseph had remained in Dripping Springs to attend school and was living with the Wilcoxes. On the night in question, Old and her twin sister, Ramona James, and their boyfriends drove to the Wilcox house from Comal County, ostensibly to pick up Joseph's car, which needed work. While there, Old and James entered

the residence and went to Vonna's bedroom. What happened after that was a matter of dispute at trial.

Vonna testified that she went to her room and demanded to know what Old and James were doing there. Within moments, Joseph also entered the room. Old told Vonna that she was looking for Joseph's medicine. According to Vonna, Old began "yelling at us and saying that we were all worthless." Old then pushed Joseph, causing him to fall over a chair and onto a computer: "She just reached out and pushed him down and he fell back on top of—on top of the poppazon chair and on top of the computer that was sitting next to the poppazon chair."[1] Vonna also remembered seeing Old slap Joseph, but she could not remember whether it was before or after Old pushed him.

Joseph's testimony was similar to Vonna's. He said that his mother pushed him backwards "and I fell onto this poppazon chair; it's like a bowl chair that sits on top of, like, a little stand. And it rolled off of its stand and I fell onto the computer and hit my side on it." Joseph testified that when he tried to stand up, Old slapped him. Asked if he felt pain when Old slapped and pushed him, Joseph answered that he felt "the most pain" when "the computer hit me in the hip."

Old testified that Joseph has a serious kidney disease, and that she believed that he should not be living with the Wilcoxes because of the unsanitary condition of their house. She told Joseph this when he and Vonna confronted her in the bedroom. According to Old, Joseph cursed her and shoved her hard against the frame of the door. She said, "I tried to push back. . . . I didn't have much strength, but I tried to push back." Old denied slapping or pushing Joseph. James's

---

[1] The word "papasan" is misspelled throughout the record.

2

description of the incident was substantially similar to Old's. She testified, "[Old] never struck [Joseph]. She never touched him."

The information alleged that Old intentionally, knowingly, and recklessly caused bodily injury to Joseph by slapping his face and pushing him. *See id*. § 22.01(a)(1). Among other things, "bodily injury" means physical pain. *Id*. § 1.07(a)(8). Old contends that the evidence is legally and factually insufficient to support the jury's finding that Joseph experienced physical pain as a result of being slapped or pushed by her. She correctly points out that Joseph did not testify that he experienced pain as a result of being slapped. As to the pain Joseph said he felt when he hit the computer, Old argues that the evidence demonstrates that she merely pushed Joseph into the chair, and that he struck the computer only when he tried to stand up. Old relies on the testimony of Debra Wilcox, who testified that Joseph was in the chair when she entered the room after the fracas was largely over.

In a legal sufficiency review, all the evidence is viewed in the light most favorable to the verdict to determine whether a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). Viewed in this light, Vonna's and Joseph's testimony is sufficient to support a finding that when Old pushed him, Joseph fell into the papasan chair, which tipped over and spilled him onto the computer. Debra Wilcox did not witness the push, and we must assume the jury disregarded her testimony to the extent that it contradicts Vonna's or Joseph's. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981) (citing *Jackson*, 443 U.S. at 318-19). The evidence is legally sufficient to support the jury's finding that Joseph suffered

physical pain as a result of Old's push. *See* Tex. Pen. Code Ann. § 6.04(a) (West 2003) (causation). Point of error one is overruled.

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). The evidence will be deemed factually insufficient if the proof of guilt, standing alone, is too weak to support the jury's finding beyond a reasonable doubt or if the contrary evidence is so strong that the State could not have met its burden of proof. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).

Although the testimony of the State's witnesses was not in agreement as to all the details, Old overstates the case when she asserts that the State's evidence regarding causation was "so tenuous as to be laughable." Both Vonna and Joseph plainly testified that Old pushed Joseph, causing him to fall into the unstable chair and then onto the computer. Old and her sister, on the other hand, denied that Old pushed Joseph. The jury's determination that the State's witnesses were more credible was not manifestly unjust. *See Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence is factually sufficient to support the jury's finding that Joseph suffered physical pain as a result of Old's push. Point of error two is overruled.

Old contends that her trial counsel's performance was deficient in two respects. First, she complains that her attorney failed to request a jury instruction on self-defense. *See* Tex. Pen. Code Ann. § 9.31 (West 2003). She argues that the jury could have concluded from the testimony that Joseph shoved her first, and that she pushed and slapped him to protect herself from further attack. Second, Old asserts that her lawyer should have asked the court to authorize her conviction

4

for the lesser included offense of assault by offensive contact. *See id*. § 22.01(a)(3) (West Supp. 2006). She argues that the jury could have believed that her conduct did not cause Joseph bodily injury, but that it did constitute offensive contact carrying a lesser punishment. *See id*. § 22.01(b), (c).

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that she was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Old argues that the reasoning employed in *Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992), applies to this appeal. In *Vasquez*, a prosecution for possession of a firearm by a felon, defense counsel did not request an instruction on necessity even though the defendant's testimony raised the issue and it would have been error for the trial court to refuse the defensive instruction. *Id*. at 951. The court said that counsel should have recognized that the defendant was entitled to the instruction and that he had nothing to lose by requesting it. *Id*. The court concluded that under the circumstances, counsel's failure to request the instruction rendered his representation constitutionally deficient. *Id*. Similarly, Old argues that she was legally entitled to the lesser included offense and self-defense instructions, she had nothing to lose by requesting them, and that counsel was therefore ineffective for failing to request them.

5

A defendant is not entitled to a self-defense instruction if she denies committing the assaultive acts alleged against her. *Vanbrackle v. State*, 179 S.W.3d 708, 715 (Tex. App.—Austin 2005, no pet.). Old testified that she "tried to push back" when Joseph allegedly shoved her into the door frame, but did not have the strength. She also explicitly denied slapping Joseph or pushing him into the chair or onto the computer. James, the other defense witness, testified that Old "never touched" Joseph. There is no evidence from which a jury could reasonably conclude that Old justifiably pushed or slapped Joseph in self-defense.

A defendant is entitled to an instruction on a lesser included offense when (1) the lesser offense is included within the offense charged (which is not disputed here) and (2) there is some evidence that would permit a jury rationally to find that if the defendant is guilty, she is guilty only of the lesser offense. *Rousseau v. State*, 885 S.W.2d 666, 673 (Tex. Crim. App. 1993). Old argues that she was entitled to the offensive touching instruction by analogy to the opinion in *Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994). In that case, the issue was whether an aggravated robbery defendant was entitled to an instruction on the lesser included offense of theft. *Id*. at 22. The State's evidence showed that Bignall and his codefendant entered a convenience store, picked up cartons of beer and cigarettes, and began to leave; when the cashier asked Bignall for payment, Bignall threatened him with a pistol. *Id*. at 22-23. Bignall and the codefendant testified, on the other hand, that neither of them was armed. *Id*. at 23. The court of criminal appeals held that Bignall was entitled to an instruction on the lesser offense because a rational jury could have believed that Bignall and his companion were not armed while nevertheless finding that they were guilty of theft. *Id*. at 24.

Old argues that the jury in this case could have "selectively believed" the State's evidence and concluded that she pushed or slapped Joseph, but that this conduct did not result in bodily injury. But for a lesser included offense to be raised, it is not enough that the jury might disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to the lesser offense for the factfinder to consider. *Id*. In *Bignall* there was such evidence: both defendants testified that they were not armed. There is no such evidence in the cause now before us. Old and her sister testified that Old did not push, slap, or touch Joseph, offensively or otherwise. Old's claim that she was entitled to the lesser included offense instruction is based solely on the possibility that the jury might have disbelieved Joseph's testimony that Old's conduct caused him physical pain.

In his testimony at the hearing on Old's motion for new trial, her trial counsel testified, "I made a strategic decision not to [raise the lesser included offense] because my client told me from the beginning of this case that she was not guilty of any offense and I did not want to give the jury a chance to reach a compromise verdict." In an affidavit introduced in evidence at the hearing, counsel stated, "Self-defense was not a viable option because to invoke it one must first admit doing the act . . . . Throughout this case and her testimony, Ms. Old was steadfast in her assertion that she never touched [the complainant], only that he had assaulted her. That would be a straight not guilty claim, not a self-defense claim." This evidence demonstrates that counsel made a considered decision not to request the two instructions in question. There is nothing in the record

7

or in Old's arguments that persuades us that in either case the decision was outside the broad range of reasonable professional assistance.  Point of error three is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed:  October 12, 2006

Do Not Publish