NO. 07-07-0363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2008

______________________________


KENNETH LEE MAYER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. 4134-0706; HON. ROBERT W. KINKAID, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ. 
OPINION
          Appellant, Kenneth Lee Mayer, appeals his conviction for the offense of aggravated
kidnapping and sentence of 30 years confinement in the Institutional Division of the Texas
Department of Criminal Justice contending he was denied a lesser included offense charge
within the court’s charge to the jury on guilt-innocence. Appellant also contends that the
trial court erred in ordering him to reimburse the county for court-appointed attorney fees.
We reform the judgment and affirm as modified.
Background 
          On April 12, 2007, Tammy Mayer was driving to Amarillo, Texas, when she saw her
husband, appellant, driving in the opposite direction. Because of previous marital
problems, Tammy and appellant were separated. Tammy observed appellant turn his
vehicle and saw his vehicle quickly approaching. Tammy decided to stop at a convenience
store because of her belief that appellant would not “do nothing to [her] in front of people.” 
Appellant parked alongside Tammy’s vehicle, got out of his car, and sat down inside
Tammy’s vehicle. Appellant attempted to reconcile with Tammy, but was unsuccessful. 
The two continued to argue and appellant refused to leave the vehicle. Appellant then
reached over and grabbed Tammy’s head and put his hand over her mouth and made the
statement “till death do us part.” Tammy was able to break free from appellant, left the
vehicle, and ran into the convenience store. However, Tammy, believing that appellant was
attempting to leave with her vehicle, went back outside to ask appellant to leave without her
vehicle. Appellant proceeded to hit and kick Tammy before moving over into the passenger
seat and pulling her into the car; he then forced Tammy to drive away from the store. A
witness at the convenience store called police and reported the incident. As they got closer
to Tulia, Texas, appellant directed Tammy to turn onto a small dirt road. According to
Tammy, during the drive, appellant made statements such as “he was going to stick me in
the trunk,” “he was going to kill me,” and that “he was going to stick [a] tire iron that he had
in his hand through my head.” Eventually, the police stopped the vehicle and arrested
appellant. Appellant was charged with aggravated kidnapping. 
          Appellant filed an affidavit of indigency and requested a court appointed attorney. 
The court granted the request and appointed an attorney to represent appellant at trial. At
the conclusion of the guilt-innocence phase, appellant requested that the charge to the jury
contain a charge on the lesser included offense of unlawful restraint. The trial court denied
the request. After jury deliberations, the jury found appellant guilty of aggravated
kidnapping and recommended punishment at 30 years confinement in the Institutional
Division of the Texas Department of Criminal Justice. Immediately after dismissing the jury,
the court sentenced appellant to 30 years and ordered appellant to pay court costs as well
as the court appointed attorney fees incurred in his defense. 
          Appellant now appeals the denial of the charge on the lesser included offense of
unlawful restraint as well as the sufficiency of the court order for the reimbursement of the
court appointed attorney fees.


 We reform the judgment and affirm as modified.Denial of Lesser Included Offense Within Charge
          When we review an allegation that the trial court erred in failing to give a requested
lesser included offense charge, we must engage in a two part analysis. Hall v. State, 225
S.W.3d 524, 535 (Tex.Crim.App. 2007). The first part of the analysis is a question of law
where we compare the elements of the offense as alleged in the indictment with the
elements of the potential lesser included offense. Id. The second step in the analysis
requires that we review the evidence to ascertain if there is some evidence in the record
that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of
the lesser included offense. Id. at 536 (citing Bignall v. State, 887 S.W.2d 21, 23
(Tex.Crim.App.1994)).
          Under the Texas Penal Code and as alleged by the State, the State was required
to prove that, with the intent to inflict bodily harm or terrorize Tammy, appellant intentionally
and knowingly restrained Tammy with the intent to prevent her liberation by secreting or
holding her in a place where she was not likely to be found. See Tex. Penal Code Ann.
§§ 20.01(2), 20.04(a)(4), (5) (Vernon Supp. 2008).


 Appellant contends that the State did
not present more than a scintilla of evidence to show that appellant intended to secrete or
hold Tammy in a place she was not likely to be found. Rather, appellant contends that the
evidence demonstrated, with more than a scintilla of evidence, that appellant’s intent was
to flee the scene of the assault at the convenience store. Therefore, appellant contends
that, at most, appellant was guilty of the offense of unlawful restraint. See § 20.02.
          Under the first prong of the required analysis, the difference between unlawful
restraint and aggravated kidnapping, as alleged, is the intent to prevent Tammy’s liberation
by secreting or holding her in a place where she was not likely to be found.


 A person
commits unlawful restraint “if he intentionally or knowingly restrains another.” See § 20.02. 
A person commits aggravated kidnapping if he intentionally or knowingly abducts another
with the intent to commit bodily injury. See § 20.04(a)(4). “Abduct” is defined as restraining
a person with intent to prevent her liberation by secreting or holding her in a place where
she is not likely to be found. § 20.01(2). Therefore, we conclude that unlawful restraint is
a lesser included offense of aggravated kidnapping. See Jenkins v. State, 248 S.W.3d 291,
298-99 (Tex.App.–Houston [1st Dist.] 2007, pet. ref’d). 
          However, appellant has narrowed his complaint by contending that the evidence
established that his intent was not to hold Tammy in a place where she is not likely to be
found, but rather, that his intent was to flee from the convenience store to avoid capture for
his assault on Tammy. In order for appellant to be entitled to a lesser included offense
charge, there must be some evidence that would permit a rational jury to find that, if
appellant is guilty, he is guilty only of unlawful restraint. Hall, 225 S.W.3d at 536. As
presented by appellant, there must be some evidence that would negate the element
raising the lesser included offense to the greater charged offense. Jenkins, 248 S.W.3d
at 298. However, even if appellant is correct that some of the evidence demonstrated
appellant’s intent to flee, this does not negate his intent to abduct. Even by appellant’s own
argument that he sought to flee from the store to avoid capture, he was doing so by
attempting to reach a location where he could not be found. However, in his attempt to
avoid capture, all the evidence at trial showed that appellant forced Tammy to go with him. 
Therefore, by seeking a location where he could not be found and by forcing Tammy to go
with him, he was taking Tammy to a location where it was likely that she would not be
found. Therefore, we conclude that, even were we to believe appellant’s contention that
appellant was intending to flee, there is no evidence that negates the element of abduction,
which is the element raising the lesser included offense of unlawful restraint to the greater
charged offense of aggravated kidnapping. Jenkins, 248 S.W.3d at 299. We overrule
appellant’s first issue.
Determination of ability to pay court appointed fees
          Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has
authority to order reimbursement of appointed attorney fees if the court determines that a
defendant has financial resources that enable him to offset, in part or in whole, the costs
of the legal services provided. See Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon
Supp. 2007). However, the record before us does not contain any such determination or
finding by the trial court that appellant had any financial resources or was “able to pay” the
appointed attorney fees. 
          The record does reflect that appellant filed, preindictment, an affidavit of financial
status showing that he was unemployed and supporting himself on governmental benefits
and that the trial court appointed trial counsel to assist appellant during the trial for the
offense. Appellant filed a pro se notice of appeal on October 3 and an affidavit of financial
status on October 12. On October 17, 2007, District Judge Ed Self, the appointing
authority for the district courts of Swisher County, appointed appellate counsel to assist
appellant in the presentment of his appeal. Therefore, there is an absence of evidence to
demonstrate that, at the conclusion of the trial, appellant was “able to pay” or had financial
resources that would enable appellant to offset, in part or in whole, the costs of the legal
services provided to him. Rather, the evidence demonstrates that, before trial and within
two months of the conclusion of the trial, appellant was indigent and qualified for court
appointed counsel. Furthermore, after the completion of the cause, on August 22, 2007,
appellant was remanded to the Swisher County Sheriff’s Office to await the time until
appellant could be transported to the Texas Department of Criminal Justice, Institutional
Division, to serve his sentence and presumably had no sources of income. Without
evidence to demonstrate appellant’s financial resources to offset the costs of the legal
services, the trial court erred in ordering reimbursement of appointed attorney fees. See
art. 26.05(g); Slaughter v. State, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *3-*5 (Tex.App.–Fort Worth Jan. 27, 2005, no pet.) (not designated for publication). 
Accordingly, we modify the judgment to delete the following paragraph:
Furthermore, the following special findings or orders apply:
Defendant is ordered to repay attorney fees in the amount of $2,850.00 to
Swisher County, Texas.
 
 
ConclusionHaving overruled appellant’s first issue but having sustained appellant’s second
issue regarding repayment of appointed attorney fees, we modify the trial court’s judgment,
as identified above, and affirm the judgment as modified.
 
                                                      Mackey K. Hancock
                                                                Justice

Publish.