**Gary Charles BIGNALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00189–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1993.

John Beeler, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

BOWERS, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03. He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for 25 years. In two points of error, appellant argues the trial court erred by refusing to instruct the jury on the lesser included offense of theft. We affirm.

Mr. Augustine Abolade testified that on July 23, 1992, between 5:00 and 5:30 p.m., he was working as a clerk in a Stop–N–Go convenience store in Harris County, Texas. William "Billy" Davis entered the store and inquired about the price of ice cream. Davis signaled to appellant and another man, Taylor, who were outside, to join Davis inside the store. Appellant and Taylor entered the store. Taylor went to the magazine rack while appellant approached Davis who was at the beer display. Appellant picked up three cases of beer and stacked them in Davis' arms. Davis then started walking out of the store. Abolade said, "Excuse me, sir, can I ring you up,

sir." Davis told Abolade to talk to Taylor and walked out of the store with the beer.

Abolade then asked Taylor if he was going to pay for the beer. Taylor pulled a gun from his pants and pointed it at Abolade. Appellant ordered Abolade to open the cash register. Taylor told appellant not to do that because if the cash register was opened a camera would take their picture. Appellant then began packing cartons of cigarettes into a nylon bag. Taylor continued pointing the gun at Abolade. When appellant finished filling the bag, he and Taylor left the store.

Abolade called the police. A customer who was in the store during the robbery wrote down a description of the suspects' car and the license plate number. Abolade gave this information and a description of the suspects to Houston Police Officer, Mark Reyes.

After completing the investigation of the robbery, Officer Reyes broadcast a description of the vehicle. Officer R.L. Grounds responded that he found the car at another Stop–N–Go. When Officer Reyes arrived at the second Stop–N–Go, Officer Grounds had already placed four suspects in two patrol cars.

The officers took the suspects back to the first Stop–N–Go. Abolade identified two of the men, appellant and Taylor. Abolade was not able to identify the other two suspects. Based upon Abolade's identification, Officer Reyes arrested appellant and Taylor.

In his first and second points of error, appellant argues the trial court erred by overruling his objection to the jury charge on aggravated robbery, and by refusing appellant's requested jury charge on the lesser included offense of theft.

■ This court must apply a two-prong test to determine if an instruction on a lesser included offense is required. First, the lesser offense must be included within the proof necessary to establish the offense charged. *Rousseau v. State*, 1993 WL

44431 (Tex.Crim.App., No. 70910, delivered February 24, 1993).

■ A person commits theft if he unlawfully appropriates the property of another with the intent to deprive the owner, and without the owner's effective consent. TEX.PENAL CODE ANN. § 31.03. A person commits aggravated robbery if he uses or exhibits a deadly weapon during the course of committing theft. TEX.PENAL CODE ANN. § 29.03. Because theft can be proven by the same facts necessary to prove aggravated robbery, theft is a lesser included offense of robbery and the first prong of the test is met.

■ Second, there must be some evidence that would permit a jury rationally to find that if appellant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, —— S.W.2d —— (Tex.Crim.App., No. 70910, delivered February 24, 1993). Merely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser offense is not required unless there is testimony raising such issue that appellant, if guilty, is *guilty only of the lesser offense.* This court must consider all of the evidence to determine if the second prong of the test is met. *McKinney v. State*, 627 S.W.2d 731, 732 (Tex. Crim.App.1982) (emphasis added).

■ Before an instruction on theft as a lesser included offense of aggravated robbery is required, the record must contain evidence that shows that if appellant is guilty, he is guilty of theft only. *Eldred v. State*, 578 S.W.2d 721, 723 (Tex.Crim.App. [Panel Op.] 1979). For example, if appellant admitted the theft but denied the existence of any of the aggravating factors, there would be evidence, which if believed, would prove that appellant was guilty only of theft, not aggravated robbery. "The State's version of the events and appellant's version differs on only one material point, whether the theft was accompanied by acts constituting aggravated robbery." *Id.* (citing *Campbell v. State*, 571 S.W.2d 161 (Tex.Crim.App.1978)). If the jury was not instructed on the charge of theft, but believed appellant then the jury would be forced either to vote not guilty when they believed appellant committed the theft, or vote guilty of aggravated robbery, when

they believed appellant did not commit the offense. On these facts, appellant in *Campbell* was entitled to a charge on theft as a lesser included offense of aggravated robbery. *Id.*

Appellant and his witnesses testified that a theft was committed, but that a gun was not used. Appellant argues that this testimony raises the issue of the lesser included offense of theft. We disagree. Appellant testified he did not steal anything from the Stop–N–Go and that he was not in the store when Davis walked out with the beer. By his testimony, appellant denied being a party to the theft and denied committing any crime. The evidence, therefore must show that appellant either committed the offense of aggravated robbery or committed no offense at all.

The trier of fact is the exclusive judge of the facts, credibility of witnesses and weight to be afforded their testimony. *Bonham v. State,* 680 S.W.2d 815, 189 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The jury is free to accept one version of the facts, reject another, or reject all or any of a witness' testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App.1981). If the jury believed the State's evidence, the jury would find appellant guilty of aggravated robbery. If the jury believed appellant's evidence, the jury would find appellant not guilty of any offense.

Where the State's evidence indicates appellant is guilty as charged and appellant's evidence indicates he is not guilty of any offense, appellant is not entitled to a charge of a lesser offense. *Garcia v. State,* 630 S.W.2d 914, 919 (Tex. App.—Amarillo 1982, no pet.). There was no evidence at trial, which showed that if guilty, appellant was only guilty of the lesser offense of theft. We overrule appellant's first and second points of error.

Accordingly, we affirm the judgment of the trial court.