**Gary Charles BIGNALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 473–93.

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1994.

Concurring Opinion of Judge Miller on Denial of Motion for Rehearing Nov. 16, 1994.

John H. Beeler, Katy, for appellant.

John B. Holmes, Jr., Dist. Atty. and Rikke Burke Graber and Kay DeWalt, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of aggravated robbery, Tex.Penal Code § 29.03 (Vernon 1992). The jury assessed punishment, enhanced by two prior convictions, at confinement in the Texas Department of Criminal Justice for twenty-five years. The Court of Appeals affirmed the conviction. *Bignall v. State*, 852 S.W.2d 682 (Tex.App.—Houston [14th Dist.] 1993). We granted Appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that Appellant was not entitled to an instruction on theft as a lesser included offense. We reverse.

A general statement of the facts, as contained in the court of appeals' opinion, is as follows:

Mr. Augustine Abolade testified that on July 23, 1992, between 5:00 and 5:30 p.m., he was working as a clerk in a Stop–N–Go convenience store in Harris County, Texas. William "Billy" Davis entered the store and inquired about the price of ice cream. Davis signaled to Appellant and another man, Taylor, who were outside, to join Davis inside the store. Appellant and Taylor entered the store. Taylor went to the magazine rack while Appellant approached Davis who was at the beer display. Appellant picked up three cases of beer and stacked them in Davis' arms. Davis then started walking out of the store. Abolade said, "Excuse me, sir, can I ring you up, sir." Davis told Abolade to talk to Taylor and walked out of the store with the beer.

Abolade then asked Taylor if he was going to pay for the beer. Taylor pulled a gun from his pants and pointed it at Abo-

lade. Appellant ordered Abolade to open the cash register. Taylor told Appellant not to do that because if the cash register was opened a camera would take their picture. Appellant then began packing cartons of cigarettes into a nylon bag. Taylor continued pointing the gun at Abolade. When Appellant finished filling the bag, he and Taylor left the store. The men left in a car.

*Bignall,* 852 S.W.2d at 683–84.

■ In *Rousseau v. State,* this Court recently refined the *Royster*[1] test that is to be used when determining whether a defendant is entitled to an instruction on a lesser included offense. 855 S.W.2d 666 (Tex.Crim. App.1993). Before an instruction on a lesser included offense is warranted, the following two prongs of the *Royster* test, as restated in *Rousseau,* must be satisfied: 1) the lesser included offense must be included within the proof necessary to establish the offense charged, and 2) *some evidence* must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* at 673. In making this determination, this Court should review all of the evidence presented at trial. *Id.; Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App.1985); *Lugo v. State,* 667 S.W.2d 144, 147 (Tex.Crim.App.1984) (expressly disapproving of the consideration of solely the defendant's testimony); *Eldred v. State,* 578 S.W.2d 721, 723 (Tex.Crim.App. [Panel Op.] 1979). No dispute exists that a completed theft is a lesser included offense of aggravated robbery. *Eldred,* 578 S.W.2d at 722; *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Crim.App.1978). The issue is, therefore, whether *any* evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of theft. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.

■ A comparison of our aggravated robbery and theft statutes indicates that the use or exhibition of a gun elevates theft to aggravated robbery. *Compare* TEX.PENAL CODE §§ 29.03 and 31.03. Therefore, if any evidence exists in the record that would permit a rational jury to find that a deadly weapon was not used or exhibited, Appellant is entitled to an instruction on theft.

After reviewing the entire record, the following evidence regarding the presence/absence or use of a deadly weapon was presented:

1. The store clerk testified that one of Appellant's companions pulled a gun and pointed the gun at him. (Tr.Vol. II, p. 19).

2. The store clerk repeatedly closed his eyes when he allegedly saw a gun and does not remember for how long his eyes were closed. (Tr.Vol. II, p. 51–55, 72).

3. The clerk was scared and unsure of many key facts. (Tr.Vol. II, p. 51–56, 74–75).

4. Officer Reyes did not find any weapons in or around the store. (Tr.Vol. II, p. 86).

5. After searching the vehicle only forty minutes after the incident, Officer Reyes did not find a weapon in the car or on any person. (Tr.Vol. II, p. 93).

6. Officer Rivera also did not find any weapon. (Tr.Vol. II, p. 111, 113).

7. Officer Grounds, the officer who first came in contact with the suspects after the incident, did not find any weapons. Furthermore, he did not see anyone dispose of anything despite observing them for some period of time prior to stopping the vehicle. (Tr.Vol. II, p. 124–126).

8. While Troy Connelly did not see Appellant and Lonzell Taylor during the time they were in the store and could not affirmatively testify that they did not use a gun in the store, he did testify that no one had a gun that day. (Tr.Vol. II, p. 136, 139).

9. Lonzell Taylor testified that no one had a gun. (Tr.Vol. II, p. 146).

10. Appellant himself testified that no one had a gun. (Tr.Vol. III, p. 181). He further testified that he does not carry any weapons as a matter of course. (Tr.Vol. III, p. 195).

---

1. *Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (plurality opinion on rehearing) (holding adopted by majority of court in *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App.1985)).

In *Bell v. State,* this Court held that "a jury, as trier of fact, was entitled to believe all or part of the conflicting testimony *proffered and introduced* by either side." 693 S.W.2d at 443. We further held that a jury can selectively believe all or part of the evidence admitted at trial. *Id.* See also *Booth v. State,* 679 S.W.2d 498, 501–502 (Tex.Crim. App.1984); *Lugo v. State,* 667 S.W.2d at 146–147; *Thompson v. State,* 521 S.W.2d 621, 624 (Tex.Crim.App.1974). Construing the foregoing language, we are satisfied it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted.

From the germane evidence positively admitted at trial, as set out *supra,* a rational jury could find that a gun was not used or exhibited during the alleged robbery, while nevertheless finding that Appellant was a party to the lesser included offense. Although the testimony of an accomplice is suspect,[2] the jury is the sole judge of the credibility of the witnesses,[3] and it does not matter whether the evidence is strong, weak, unimpeached or contradicted. *Booth,* 679 S.W.2d at 500. Furthermore, the testimony of the accomplices was corroborated by the fact that no gun was ever found, despite 1) the relatively short time span between the offense and arrest and 2) the fact that they made no other stops prior to their arrest. (Tr.Vol. II, p. 140). Therefore, the trial court's failure to give the proffered instruction was erroneous.

■ The court of appeals held that Appellant's evidence indicated he was not guilty of any offense, and therefore, an instruction on theft was unnecessary. However, the court of appeals has misconstrued our caselaw and

erroneously focused solely on Appellant's evidence, while disregarding the remainder of the record as noted above.[4] The correct test, as stated in *Aguilar v. State,* 682 S.W.2d 556 (Tex.Crim.App.1985), is as follows: "If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser included offense,* then a charge on a lesser included offense is not required." *Id.* at 558 (emphasis added). In this case, we have more than a mere denial of the commission of the offense. As noted above, evidence negating the presence of a gun was positively and affirmatively presented from several sources. The court of appeals' opinion glosses over this evidence and focuses on Appellant's testimony. Under such an interpretation, anytime a defendant denies the commission of an offense, a charge on a lesser included offense will not be warranted. This is clearly not the law of this state, as this Court has ruled otherwise in *Bell.*

Our opinion today is consistent with a line of cases that has been developed by this Court since inception of the rule in *Daywood v. State,* more than 40 years ago. 157 Tex. Crim. 266, 248 S.W.2d 479 (1952). Our cases have uniformly held that a defendant is entitled to an instruction on a lesser included offense if evidence, from any source, affirmatively raises the issue. After *Rousseau,* the only restriction placed on this evidence is that it must permit a rational jury to find that the defendant is guilty of the lesser included offense, which the facts of this case allow. The purpose of liberally permitting charges on lesser included offenses is clear.

If no charge [on the lesser included offense] is given, then the jury has two options which are equally distasteful. The first option is to vote not guilty in a situa-

---

2. See *Eckert v. State,* 623 S.W.2d 359, 361 (Tex. Crim.App. [Panel Op.] 1981).

3. See *Booth,* 679 S.W.2d at 502 (it is the jury's duty, as trier of fact, to determine the credibility of conflicting evidence); *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. [Panel Op.] 1981) (the jury is the exclusive judge of the facts, credibility of the witnesses, and weight to be given to their testimony).

4. If a court looks solely at a defendant's evidence when determining whether to give an instruction on a lesser included offense, an instruction will never be given in cases where the defendant chooses to exercise his constitutional right against self-incrimination by not testifying. Therefore, if a defendant desired an instruction on a lesser included offense, he would be essentially forced to waive this right.

tion where they believe the defendant committed [the lesser offense]. The other option is to vote guilty of [the greater offense], an offense they believe the defendant did not commit.

*Eldred v. State,* 578 S.W.2d at 723.

The court of appeals' arbitrary limitation of instructions on lesser included offenses in this case frustrates this purpose.

Because the evidence in this case clearly satisfies the standards for an instruction on a lesser included offense, we reverse the court of appeals' opinion and remand the cause to the court of appeals for a harm analysis.

WHITE, J., dissents.

CAMPBELL, J., not participating.

MALONEY, Judge, concurring.

The majority opinion might to the unwary indicate that before a trial court should charge the jury on a lesser included offense, where it will also be charging the jury on the primary offense, that there must be independent evidence produced outside of the State's case supporting the lesser included offense; this is not so. If there is no evidence on an element of the State's main case, then the court should instruct the jury only on the included offense, provided of course that the evidence is such that a rational jury could find the defendant guilty of the lesser offense. *See Rousseau v. State,* 824 S.W.2d 579 (Tex.Crim.App.1992). Conversely, if there is sufficient evidence on each element of the primary offense to meet the test of *Jackson v. Virginia,* and if there is some evidence whether raised during the State's side of the case or the defendant's side of the case, whether through direct examination or cross-examination that would allow a rational jury to find that the defendant is guilty of the lesser included offense, then the trial court should also instruct the jury on the lesser included offense.

With these observations I join the opinion of the majority.

McCORMICK, Presiding Judge, dissenting.

Pluck! Pluck! Pluck! Pluck! Last year, in *Ramos v. State,* 865 S.W.2d 463, 464–65 (Tex.Cr.App.1993), we reaffirmed the rule set out in *Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Cr.App.1986), that evidence should not be plucked out of the record and examined in a vacuum in a lesser included offense analysis. In *Ramos,* we held the State's evidence and a single statement in the defendant's testimony, viewed in the context of the entire record and the defendant's factual theory at trial that he committed no offense, were insufficient to raise a lesser included offense. *Id.,* 865 S.W.2d at 465. I would hold that under *Ramos* appellant was not entitled to a charge on the offense of theft.

The majority says the Court of Appeals misconstrued our caselaw and erroneously focused *solely* on appellant's testimony that he committed no offense. See *Bignall v. State,* 852 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1993). I agree, because if evidence from any source raises a lesser included offense, the trial court should charge the jury on that offense. See *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex. Cr.App.1993). But, the majority also concludes the single statement in the testimony of appellant and his other witnesses that "no one had a gun that day," when considered with the State's evidence, raised the lesser included offense of theft.[1]

I disagree. The State's evidence proved appellant's participation in an aggravated robbery as a party during which a gun was used. The State presented other evidence that the police did not find the gun shortly after the commission of the offense. At most, the State's evidence raised a fact issue on whether appellant and his companions still had the gun *shortly after the commission of the offense.* This evidence does not negate the presence of a gun *during the commission of the offense.*

The majority also concludes evidence negating the presence of a gun was positively and affirmatively presented from several sources. I agree with the majority that the

---

1. The majority opinion references the testimony of Connelly and Taylor as "accomplice witness testimony." However, the record reflects they testified only for the defense.

testimony of Connelly, Taylor and appellant that "no one had a gun that day" arguably could negate the presence of a gun during the commission of the offense. But, the issue is whether there is any evidence from any source that if appellant is guilty, *he* is guilty only of theft.

The testimony of appellant and his witnesses that "no one had a gun that day" was presented by appellant in the context of his defense that he committed no offense. According to the defensive testimony, Taylor and appellant were urinating on the side of the building when Davis went inside the store and took the beer. Taylor and appellant then went inside the store and the manager asked them to leave when he found out Taylor and appellant were not going to pay for the beer Davis had just taken. Of course, Davis did not testify.

Based on the entire record and appellant's factual theory at trial, the defensive testimony, while possibly raising a fact issue on whether *Davis* was guilty only of theft, raised no fact issue on whether appellant was guilty only of theft. See *Ramos,* 865 S.W.2d at 465. Because appellant and his witnesses all said Davis was guilty and appellant was innocent, whether or not a gun was used during the commission of the offense is irrelevant on the issue of whether appellant was entitled to a jury instruction on theft.

Because the majority plucks the defensive testimony that "no one had a gun that day" out of the record, and examines it in a vacuum to conclude appellant was entitled to a jury charge on theft, I dissent.

## ON MOTION FOR REHEARING

[Filed Nov. 16, 1994]

State's motion for rehearing denied.

MILLER, J., concurs.

McCORMICK, P.J., and WHITE, J., would grant rehearing.

CAMPBELL, J., not participating.

## CONCURRING OPINION ON DENIAL OF MOTION FOR REHEARING

[Filed Nov. 16, 1994]

MILLER, Judge.

The State argues in its motion for rehearing that the absence of a gun, by itself, is insufficient to require the submission of an instruction on *theft* as a lesser included offense to an aggravated robbery charge. It claims, instead, that it would only entitle the defendant to an instruction on the lesser included offense of *robbery* because, under the Penal Code, the presence of a gun elevates robbery to aggravated robbery, not theft to aggravated robbery. However, because of the unique facts of this case, the State's argument has no merit.

The State does not attack our holding that a jury could have rationally believed that a gun was not used or exhibited. Consequently, *for the purposes of this discussion,* I will analyze the lesser included offenses of theft and robbery as if no gun was in fact used or exhibited.

This Court has held that "[w]hen robbery is effected by threats of bodily injury or placing another in fear, **that fear must be of such nature as in reason and common experience is likely to induce a person to part with his property against his will.**" *Devine v. State,* 786 S.W.2d 268, 270 (Tex. Crim.App.1989) (emphasis added). Simply walking into a store, taking beer, and walking out (as the evidence shows under the above assumption) is not of "a nature in reason and common experience that is likely to induce a person to part with his property."

I believe that the standard set out in *Devine* requires some overt act on the part of the defendant that would produce a rational fear. The phrase "induce a person to part with his property" suggests that the defendant must do something to cause this rational fear. The clerk in the case at bar did testify that he was in fear, but this fear stemmed from the presence of the gun alone. If we were to assume, as I do for purposes of this discussion, that the jury believed that a gun was not present, the defendant did not commit any overt act that would cause a third party's fear of imminent bodily injury to be

rational, as required under *Devine*. Therefore, an instruction on robbery as a lesser included offense of aggravated robbery would not have been proper.

With these comments, I concur in the denial of the State's motion for rehearing.