Gary Charles BIGNALL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–00189–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 1995.

John H. Beeler, Katy, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN,* JJ.

## OPINION ON REMAND

FOWLER, Justice.

This case comes to us on remand from the Texas Court of Criminal Appeals to determine whether appellant was harmed by the trial court's failure to instruct the jury on a lesser included offense. Appellant, Bignall, was convicted of aggravated robbery and sentenced to 25 years in the Texas Department of Criminal Justice. In *Bignall v. State*, 852 S.W.2d 682 (Tex.App.—Houston [14th Dist.] 1993), this Court upheld the conviction, holding that the trial court did not err in refusing to submit a charge on the lesser included offense of theft. The court of criminal appeals disagreed and reversed this Court's decision. *Bignall v. State*, 887 S.W.2d 21 (Tex.Crim.App.1994). Rather than performing a simple harm analysis itself, which it has done in the past,[1] and which would promote judicial economy, the court of criminal appeals passed the buck to us and instructed this Court to perform a harm analysis which we think need not be done. Because appellant could have received a lighter sentence if the jury had convicted him of the lesser offense of theft, we reluctantly find appellant was harmed, and reverse and remand for a new trial, fully four years after the original offense was committed.

Appellant was charged by indictment with the felony offense of aggravated robbery. Tex.Penal Code Ann. § 29.03 (Vernon Supp. 1994).[2] The indictment also alleged two prior felony theft convictions. At trial, appel-

lant argued that the evidence presented entitled him to a jury charge on the lesser included offense of theft. The trial court overruled appellant's objection to the charge, and refused appellant's requested charge. The jury convicted appellant of aggravated robbery. Because his punishment was enhanced by the two prior convictions, the jury was instructed that the statutory range of punishment was 25 to 99 years, or life. *See* Tex.Penal Code Ann. § 12.42(d). The jury assessed the minimum punishment of 25 years.

■ We must reverse the trial court's decision if we find *any* actual harm from the trial court's refusal to give the jury a charge on theft. *See Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986) (emphasis in original); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). In addition, because of the error, the Texas Rules of Appellate Procedure require us to reverse the decision of the court below unless we determine beyond a reasonable doubt that the error did not contribute to either the conviction or punishment of the defendant. Tex.R.App.P. 81(b)(2). The actual degree of harm must be assessed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171; *Harvey v. State*, 821 S.W.2d 389, 391 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). In short, we must review the entire record to determine whether appellant suffered any harm as a result of the error. *Arline*, 721 S.W.2d at 352.

■ We have examined the entire record, including the indictment, the statement of facts, the jury charge, and the exhibits admitted at the guilt/innocence and punishment phases of trial. *See Arline*, 721 S.W.2d at 352, *Almanza*, 686 S.W.2d at 171. In making

---

* The Honorable Joe L. Draughn sitting by assignment.

1. *See Leos v. State*, 883 S.W.2d 209, 212 (Tex. Crim.App.1994); *Abdnor v. State*, 871 S.W.2d 726 (Tex.Crim.App.1994).

2. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the penal code revision. *See* Acts 1993, 73rd Leg., ch. 900 § 1.01. All references to the penal code are to the code in effect at the time the crime was committed.

this review, we have kept in mind the court of criminal appeals' conclusion that the record contains some evidence of theft, a conclusion with which this Court still disagrees. The record shows that if the jury had found appellant guilty only of the lesser included offense of theft, the maximum punishment available would have been two to ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of up to $10,000. TEX.PENAL CODE ANN. §§ 12.34, 31.03(e)(4)(E).

The punishment appellant received exceeded what he could have received if the jury was charged on and convicted him of the lesser included offense of theft. Therefore, because (1) the court of criminal appeals has held that the jury should have received a charge on theft, and (2) under the facts of this case, appellant would have received a lighter sentence if convicted of theft, we hold that appellant was harmed by the inability of the jury to exercise the option of convicting him of theft.

We reluctantly reverse the judgment of the trial court and remand the cause for a new trial.