NO. 07-07-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 11, 2008
_____

TIMOTHY R. SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430,861; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Timothy R. Smith challenges his conviction of assault on a public servant by contending the trial court erred in failing to charge the jury on the lesser-included offense of assault. We disagree and affirm the judgment.

To be entitled to an instruction on a lesser-included offense, there must be evidence illustrating that appellant only committed the lesser offense.[1] *Bignall v. State,* 887 S.W.2d 21, 22 (Tex. Crim. App. 1994). Thus, appellant may be entitled to the charge by presenting evidence which negates the element present in the greater but absent in the lesser offense. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App. LEXIS 7181 at *5 n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for publication).

The State was required to prove that appellant intentionally, knowingly, or recklessly caused bodily injury to "a person the actor [knew was] a public servant while the public servant [was] lawfully discharging an official duty . . . ." TEX. PEN. CODE ANN. §22.01(a)(1) & (b)(1) (Vernon Supp. 2007). The elements present in the greater offense that are missing in the lesser are that appellant knew the person assaulted was a public servant and that the assault occurred while the officer was lawfully discharging an official duty.

Appellant argues that the police officer was not *lawfully* discharging his duties at the time of the assault here at issue. This was purportedly so because he had no legitimate basis to detain appellant. Yet, that an attempted stop occurs without probable cause or reasonable suspicion is irrelevant in determining whether the officer was lawfully discharging his duties. *See Hughes v. State,* 897 S.W.2d 285, 298 (Tex. Crim. App. 1994) (holding that whether the officer's stop of the defendant was constitutionally reasonable was not relevant to whether the officer was lawfully discharging his duties); *Tucker v. State,* 114 S.W.3d 718, 723 (Tex. App.–Corpus Christi 2003, pet. ref'd) (holding that

---

[1]Misdemeanor assault is a lesser-included offense of assault of a public servant thus meeting the first prong of the *Rousseau* test. *Hall v. State,* 158 S.W.3d 470, 473 (Tex. Crim. App. 2005).

2

regardless of whether an arrest was lawful or unlawful, the deputy constable was in lawful discharge of his duties when he attempted the arrest). Given this, the foundation to appellant's argument is missing.

Appellant's issue is overruled, and the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.