

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0273-10

### MELVIN CHARLES SWEED, JR., Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

## C O N C U R R I N G   O P I N I O N

I join the opinion of the Court. During the proceedings in the trial court, appellant requested a jury instruction on theft, and the state requested an instruction on aggravated assault. Both requests were denied by the trial court. As the opinion of the Court correctly finds, theft is a lesser-included of aggravated robbery, as plead in the instant indictment, and the instruction on theft should have been given. I conclude that, as plead, aggravated assault is also a lesser-included offense of aggravated robbery, and an instruction on aggravated assault should have been given, as requested

by the state.

Texas Penal Code sec. 29.03 defines aggravated robbery.

(a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:
    (1) . . .; or
    (2) uses or exhibits a deadly weapon.

Section 29.02 defines robbery.

(a) A person commits an offense, if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
    (1) . . .; or
    (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Combining the two, a reasonable summary of aggravated robbery is that a person,

> in the course of committing theft,
> intentionally or knowingly threatens or places another in fear of imminent bodily injury or death, and
> uses or exhibits a deadly weapon.

Texas Penal Code section 22.02 defines aggravated assault.

(a) A person commits an offense if the person commits assault as defined in Section 22.01 and the person:
    (1) . . .; or
    (2) uses or exhibits a deadly weapon during the commission of the assault.

Section 22.01 defines assault.

(a) A person commits an offense if the person:
    (1) . . .;
    (2) intentionally or knowingly threatens another with imminent bodily injury, . . .; or
    (3) . . ..

A reasonable summary of aggravated assault is that a person,

> intentionally or knowingly threatens another with imminent bodily injury, and
> uses or exhibits a deadly weapon during the commission of the assault.

Both aggravated robbery and aggravated assault require that a person intentionally or knowingly threatens another with imminent bodily injury and uses or exhibits a deadly weapon during the commission of the offense. The only element not shared is that aggravated robbery requires a theft. Thus, aggravated assault is a lesser-included offense of aggravated robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. art. 37.09(1).

As the Court's opinion notes, there must be evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Guzman v. State*, 188 S.W.3d 185, 188-89 (Tex. Crim. App. 2006). And the threshold for such a showing is low: "Anything more than a scintilla." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). The evidence in this case shows that appellant approached the complainant within three feet while waving a knife at chest level. The knife was shown at trial to be a deadly weapon, and a reasonable jury could find that waving that knife at the complainant at chest level, from a distance of three feet, constituted "intentionally or knowingly threaten[ing] another with imminent bodily injury." Thus, the evidence in the record supports the giving of an instruction on aggravated assault as a lesser-included offense of aggravated robbery.

Filed: October 19, 2011
Publish