PD-0789-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/10/2015 11:24:18 AM
Accepted 8/11/2015 3:54:50 PM
ABEL ACOSTA
CLERK

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**

ANTONIO MEJIA RUIZ,

Petitioner,

vs.                                                  No. 08-14-00026-CR

THE STATE OF TEXAS,

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeffrey C. Grass & Associates

Jeffrey Grass
SBN 00787581
101 E. Park Blvd., Ste. 107
Plano, Texas 75074
Tel: (972) 422-9999
Fax: (972) 423-2646
Jeff@GrassLaw.com
Counsel for Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

**PETITIONER REQUESTS ORAL ARGUMENT**

1

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

PDR Appellate Counsel:
Jeffrey C. Grass
101 E. Park Blvd., Suite 107
Plano, TX 75074

Appellate Counsel:
Mitchell Nolte
2780 Virginia Parkway, Suite 401
McKinney, Texas 75071

Trial Counsel:
Gregg Gibbs
2780 Virginia Parkway, Suite 401
McKinney, Texas 75071

**Attorney for the State on Appeal**

John R. Rolater, Jr.
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071

**Original Trial Court Judge**

Honorable John Roach
2100 Bloomdale Rd., Suite 20012
McKinney, TX 75071

**TABLE OF CONTENTS**

Identity of Parties and Counsel……………………………………………….....2

Index of Authorities…………………………………………………………….4

Statement Regarding Oral Argument…………………………………………...5

Statement of the Case…………………………………………………………...5

Statement of Procedural History………………………………………………..6

Abbreviations and References…………………………………………………..6

Grounds for Review…………………………………………………………….7

Factual and Procedural Background……………………………………………7

Argument………………………………………………………………………10

    **I. THE TRIAL COURT ERRED BY INSTRUCTING THE JURY ON CONTINUOUS CHILD SEXUAL ASSAULT WHILE DENYING PETITIONER'S REQUEST FOR AN INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD WHEN THERE WAS EVIDENCE ADMITTED AT TRIAL THAT COULD HAVE CONVICTED THE PETITIONER OF THE LESSER OFFENSE.**

Prayer for Relief………………………………………………………………15

Certificate of Service…………………………………………………………..16

Certificate of Compliance……………………………………………………..16

Appendix………………………………………………………………………17

# INDEX OF AUTHORITIES

**Cases**

*Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011)

*Hall v. State.* 225 S.W.3d 524 (Tex. Crim. App. 2007)

*Hicks v. State*, 372 S.W.3d 649 (Tex.Crim.App.2012)

*Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)

Rice, 333 S.W.3d at 144.

*Solis v. State*, 353 S.W.3d. 850 (Tex.Crim.App.2012)

**Statutes**

TEX. CODE CRIM. PROC. art. 37.09

TEX. PENAL CODE ANN. 21.02 (West Supp.2012)

TEX. R. APP. PRO. 25.2

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes oral argument would be helpful to the Court because the issues raised are novel and may significantly affect public policy. As a result, these issues should be more thoroughly resolved in oral argument, where the Court can ask questions and consider alternatives that counsel are prepared to discuss.

## STATEMENT OF THE CASE

The Petitioner was convicted and sentenced to life in prison for Continuous Sexual Assault of a Child based on a jury charge that precluded the jury from finding the Petitioner guilty of the lesser-included offense of Aggravated Child Sexual Assault. TRAP 66.3(f). The court of appeals declined to rule in favor of the Petitioner on the grounds that there was insufficient evidence to conclude that the abuse did not occur multiple times within thirty days. TRAP 66.3(a)-(d), (f). Petitioner argues herein that the standard applied by the trial court and court of appeals is an unconstitutional shifting of the burden of proof. Furthermore there existed some evidence that affirmatively rebutting or negating an element of the greater offense, or some evidence which is subject to different interpretation, one of which rebuts or negates the crucial element. *Id*. at 227. *McGinty v. State,* 2015 Tex. App. LEXIS 2546 (Tex. App. El Paso Mar. 18, 2015)

## STATEMENT OF PROCEDURAL HISTORY

(1)     Date of opinion from Court of Appeals:          May 29, 2015

(2)     Date of Motion for Rehearing:                   None was filed.

(3)     Date Motion for Rehearing Disposed:             N/A

## ABBREVIATIONS AND REFERENCES

The required documents from the trial are attached to this Petition in the Appendix. The pages of the Appendix are numbered in the lower, right-hand corner for ease of reference and use by the Court.

The Clerk's Record (CR) is referred to by page number (e.g., CR422).

The Reporter's Record (RR) is referred to by volume number, then page number (e.g. 3 RR 88-90).

The Clerk's Record (CR) is referred to by page number (e.g., CR422).

The Reporter's Record (RR) is referred to by volume number, then page number (e.g. 3 RR 88-90).

## GROUNDS FOR REVIEW

The trial court erred by denying Petitioner's request for a jury instruction on the offense of Aggravated Sexual Assault of a Child (ASAC), a lesser-included offense of the charged offense of Continuous Child Sexual Assault (CSAC), when the evidence admitted at trial warranted the instruction.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying case is an appeal from a conviction for Continuous Child Sexual Assault in which the Petitioner was found guilty and assessed a life sentence on 11/22/2013 by a jury in State of *Texas v. Antonio Mejia Ruiz*, TC# 296-82375-2012, in the 296th Judicial District Court, Collin County, Texas. The case was appealed to the Court of Appeals of Texas, Eighth District, El Paso May 29, 2015, No. 08-14-00026-CR wherein they appellate court rendered its decision on May 29, 2015 affirming the conviction of the trial court.

The indictment in this case alleged that, from on or about March 30, 2012 to June 1, 2012, Ruiz committed eight separate and distinct acts of sexual abuse against N.P., including six instances of ASAC: (1)-(2) penetrating N.P.'s vagina with his penis and finger; (3)-(5) contacting N.P.'s vagina, anus, and mouth with his penis; and (6) contacting N.P.'s vagina with his mouth. At the time of the commission of each of these acts, Ruiz was 19 years old and N.P. was 12 years old. It is a statutory requirement that, "at the time of the commission of each of

the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02 (b)(2).

Likewise, the offense of continuous sexual abuse of a child (hereinafter, "CSAS") occurs when a person commits any of several enumerated acts of sexual abuse two or more times "during a period …30 or more days in duration[.]" *See* TEX.PENAL CODE ANN. § 21.02 (b)(1), (c)(1)-(8)(West Supp. 2014). One of the enumerated acts is aggravated sexual assault of a child (hereinafter, "ASAC"). *See id.* § 21.02 (c)(4).

At trial, Petitioner contended the state did not meet its burden as to the 30 or more day required time interval pursuant to which he requested a jury instruction on the lesser-included offense of ASAC. Petitioner argued that the facts of the case show that neither of the state's witnesses (the 12-year-old ██████████ (NP) or Antonio Ruiz (Petitioner)) were certain about the dates of the sexual encounters and neither could say with certainty that the sexual encounters happened multiple times in a thirty-day period. Specifically, Detective Caballero[1] stated that the Petitioner said in his original interview with the Police that the first sexual encounter with NP happened in November or December 2011, and then later stated a different date. The Petitioner then stated the second sexual encounter occurred in March or April of 2012. (RR v3 p144).

---

[1] Detective Caballero was the Law Enforcement Officer that originally interviewed the Petitioner before he was indicted.

8

Finally, the Petitioner testified the third instance of sexual intercourse happened in May of 2012. (RR v3 p 145). Accordingly, the State cannot say without a doubt that the jury would have believed the inconsistent testimony of the two witnesses, raising enough doubt to allow the jury to consider the lesser offense. Therefore, N.P.'s statements and testimony failed to establish with certainty that the state proved beyond a reasonable doubt that these incidents occurred outside of the 30 day time frame[.]" Under prevailing law, there should have been sufficient doubt in order for the court to instruct the jury to consider the lesser offense of ASAC. This evidence raises a fact issue of whether the defendant is guilty only of the lesser offense, an instruction on the lesser-included offense is warranted, and regardless of whether the evidence is weak, impeached, or contradicted. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). The State objected, arguing that the instruction was not warranted because "no rational jury could find anything but a continuous [offense]" based on the "evidence from both [N.P.] and from the defendant's statement that he gave to the detectives." The trial court denied Ruiz's request.

Based upon these grounds the Eighth Court of Appeals affirmed the decision of the trial court, however, the lower Court but should have remanded the case and granted the Petitioner a new trial.

## ARGUMENT

The Texas Court of Criminal Appeals has held that the offense of ASAC is a lesser-included offense of CSAC. *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex.Crim.App. 2011)(holding that "a[ ] [predicate] offense listed under Subsection (c) will always" be a lesser offense of continuous sexual abuse because the latter "is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)")[Internal quotations and emphasis omitted].  A "lesser-included offense" is defined in the Texas Code of Criminal procedure as:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or,
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense." TEX.CODE CRIM. PROC. art. 37.09.

The Texas Court of Criminal Appeals has held that if the lesser-included offense instruction is warranted, the trial court does not have the discretion to exclude it. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994)(holding the failure to include a required instruction on a lesser included offense requires reversal). This is because the jury, believing the defendant committed some crime, but given

10

only the option of convicting him of the greater offense, may choose to find him guilty, even though they had a reasonable doubt he really committed the greater offense. *Beck v. Alabam*a, 447 U.S. 625, 637 (1980). However, if the jury is given the option of convicting the defendant of a lesser-included offense, error in failing to instruct the jury on a different lesser-included offense is subject to a harm analysis. *Saunders v. State*, 913 S.W.2d 564, 572 (Tex. Crim. App. 1995)(en banc)(emphasis added). "While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this." *Beck,* 447 U.S. at 628-30 (1980). For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense-but leaves some doubt with respect to an element that would justify conviction of a capital offense-the failure to give the jury the "third option" of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction. Such a risk cannot be tolerated in a case in which the defendant's life is at stake. As we have often stated, there is a significant constitutional difference between the death penalty and lesser punishments." Id. at 628-30.

In *Antonio Mejia Ruiz v. The State of Texas*, the Court of Appeals of Texas, Eighth District, and El Paso affirmed the decision of the trial court on the grounds holding that an instruction on a lesser-included offense is not warranted merely because the jury may disbelieve crucial evidence pertaining to the greater offense. (Attachment A)(citing *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994)). Furthermore, the lower appellate court stated, "[an instruction on a lesser-included offense] it is warranted solely if there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.[2] In other words, there must be some evidence affirmatively rebutting or negating an element of the greater offense, or some evidence subject to different interpretation, one of which rebuts or negates the crucial element. *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd). However, the Texas Court of Criminal Appeals has handed down a later conflicting ruling *Bignall v. State*, 899 S.W.2d 282 (Tex. App. 1995). In this subsequent ruling, the question presented was whether appellant was harmed by the trial court's failure to instruct the jury on a lesser-included offense. In Bignall v. State, 852 S.W.2d 682 (Tex. App.--Houston [14th Dist.] 1993), the Court upheld the conviction, holding that the trial court did not err in refusing to submit a charge

---

[2] See *Ruiz*, Opinion fn.4 stating, "This is one of two requirements that must be met before a lesser-included offense is submitted to the jury. *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). The other is that the charged offense also includes the lesser offense. *Id.*

on the lesser included offense (LIO). The court of criminal appeals disagreed and reversed this Court's decision. *Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994). *Ibid*. at 284. Justice Wanda McKee Fowler, writing for the court states "The Rather than performing a simple harm analysis itself, which it has done in the past, and which would promote judicial economy, the court of criminal appeals passed the buck to us and instructed this Court to perform a harm analysis which we think need not be done." Because appellant could have received a lighter sentence if the jury had convicted him of the lesser offense of theft, we reluctantly find appellant was harmed, and reverse and remand for a new trial, fully four years after the original offense was committed." *See Bignall*, 899 S.W.2d at 283 (Tex. App. 1995).

Justice Fowler goes on by saying, "In addition, because of the error, the Texas Rules of Appellate Procedure require us to reverse the decision of the court below unless we determine beyond a reasonable doubt that the error did not contribute to either the conviction or punishment of the defendant. TEX. R. APP. P. 81(b)(2)." *Id*. The actual degree of harm must be assessed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171; *Harvey v. State*, 821 S.W.2d 389, 391 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). In

13

short, we must review the entire record to determine whether appellant suffered any harm because of the error. *Arline*, 721 S.W.2d at 352. The record shows that if the jury had found appellant guilty only of the LIO, the maximum punishment available would have been two to ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of up to $ 10,000.TEX. PENAL CODE ANN. §§ 12.34, 31.03(e)(4)(E). The punishment appellant received exceeded what he could have received if the jury was charged on and convicted him of the lesser-included offense of theft. Therefore, because (1) the court of criminal appeals has held that the jury should have received a charge on [LIO], and (2) under the facts of this case, appellant would have received a lighter sentence if convicted of [LIO], we hold that appellant was harmed by the inability of the jury to exercise the option of convicting him of the [LIO]."

According to Texas Court of Criminal Appeals Judge Cathy Cochran, "We are headed for a train wreck in Texas law because our bedrock procedural protections cannot adapt to the common factual scenario of an ongoing crime involving an abusive sexual relationship of a child under current penal provisions." *Dixon v. State*, 201 S.W.3d 731 (Tex. Crim. App. 2006) (Cochran, J., concurring). Due to the excessive punishment associated with a conviction of a charge of Continuous Child Sexual Assault, the trial court must instruct the jury on the LIO to ensure the trier of fact's unanimity in convicting the defendant. *Id.* The

legislative history of H.B. 8 was intended to ensure that the lesser-included offense was one that was actually submitted to the jury, "considered" by the jury, and found to be true. *Soliz v. State*, 353 S.W.3d 850, 854 (Tex.Crim.App. 2011)( "[W]ith one hundred undifferentiated incidents to consider as evidence of one charged offense, there is a distinct danger that the jurors will not only fail to reach a unanimous verdict in convicting the defendant, but that they could convict on as many as twelve different incidents." *Dixon v. State*, 201 S.W.3d 731 (Tex. Crim. App. 2006) (Price, J., dissenting). "Clearly such a verdict would meet neither the unanimous jury guarantee of the Texas Constitution,[3] nor the "substantial majority" requirement of the Sixth Amendment. Error of this kind vitiates the entire jury verdict, calling into question whether the appellant received the jury trial guaranteed by the Sixth Amendment at all.[4]

## PRAYER FOR RELIEF

For reasons stated above, the Petitioner was denied a fair trial. Wherefore, premises considered, Petitioner prays the court decides to reverse the decision of the conviction and grant the Petitioner a new trial.

Respectfully submitted,

/s/ Jeffrey C. Grass_____

---

[3] TEX. CONST. ART., V., §13.
[4] See Johnson v. Louisiana, 406 U.S. 356, 362, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972).

15

Jeffrey C. Grass
SBN 00787581
101 E. Park Blvd., Ste. 107
Plano, Texas 75074
Tel: (972) 422-9999
Fax: (972) 423-2646
Jeff@GrassLaw.com
ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2015, a copy of the foregoing Petition for

Discretionary Review was served on the following by certified mail, return receipt

requested:

Greg Willis
John R. Rolater, Jr.
Libby J. Lange
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071

/s/ Jeffrey C. Grass_____
Jeffrey C. Grass

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition complies with the word limitations set forth in

the Texas Rule of Appellate Procedures 9.4(i)(2)(D). Relying on the word count

provided in the word processing document used to produce this brief, the

undersigned attorney certifies that this Petition contains 2,133 words.

/s/ Jeffrey C. Grass_____
Jeffrey C. Grass

16

# APPENDIX

**ATTACHMENT A – Ruiz v. State, 2015 Tex. App. LEXIS 5515 (Tex. App. El Paso May 29, 2015)**



| | | | |
|---|---|---|---|
| ANTONIO MEJIA RUIZ, | § | No. 08-14-00026-CR | |
| Appellant, | § | Appeal from the | |
| v. | § | 296th Judicial District Court | |
| | § | of Collin County, Texas | |
| THE STATE OF TEXAS, | § | (TC# 296-82375-2012) | |
| Appellee. | § | | |

### O P I N I O N[1]

A jury found Antonio Mejia Ruiz guilty of continuous sexual abuse of a child and sentenced him to life imprisonment. On appeal, Ruiz contends the trial court erred by failing to instruct the jury on the lesser-included offense of aggravated sexual assault of a child. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The offense of continuous sexual abuse of a child (hereinafter, "CSAS") occurs when a person commits any of several enumerated acts of sexual abuse two or more times "during a period . . . 30 or more days in duration[.]" *See* TEX.PENAL CODE ANN. § 21.02 (b)(1), (c)(1)-(8)(West Supp. 2014). One of the enumerated acts is aggravated sexual assault of a child (hereinafter, "ASAC"). *See id.* § 21.02 (c)(4). The indictment in this case alleged that, from on or about

---

[1] This case was transferred to this Court from the Fifth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

March 30, 2012 to June 1, 2012, Ruiz committed eight separate and distinct acts of sexual abuse against N.P., including six instances of ASAC: (1)-(2) penetrating N.P.'s vagina with his penis and finger; (3)-(5) contacting N.P.'s vagina, anus, and mouth with his penis; and (6) contacting N.P.'s vagina with his mouth. At the time of the commission of each of these acts, Ruiz was 19 years old and N.P. was 12 years old.[2]

There is no dispute that Ruiz sexually abused N.P. He confessed to investigating officers that he had sexual intercourse with N.P. on three occasions, the first occurring sometime in November or December 2011 in an alley, the second in March or April 2012 in the same alley, and the third in May 2012 in a parking lot. Ruiz also confessed to other acts of sexual abuse, including having N.P. perform fellatio on him and masturbate him on one of the intervening days between the second and third instances of sexual intercourse. N.P. shared that she had sexual intercourse with Ruiz on three occasions, the first occurring in an alley in late March 2012, approximately one week after her 12th birthday,[3] and the second and third instances occurring sometime thereafter. Although N.P. was unable to pinpoint the specific dates on which the second and third instances of sexual intercourse occurred, she related that these incidents took place, respectively, in her friend's apartment and in Ruiz's truck. N.P. also related that the last act of sexual abuse occurred at her friend's apartment in June 2012. N.P. remembered the date of this incident because it occurred at a party on or near the last day of school.

Contending that N.P.'s statements and testimony failed to establish with certainty "when this all got started," Ruiz requested an instruction on the lesser-included offense of ASAC to allow

---

[2] It is a statutory requirement that, "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02 (b)(2). Ruiz does not contend this statutory requirement was not met.

[3] N.P. was born March 23, 2000.

the jury to convict him if it did not "believe beyond a reasonable doubt that these incidents occurred outside of the 30 day time frame[.]"  The State objected, arguing that the instruction was not warranted because "no rational jury could find anything but a continuous [offense]" based on the "evidence from both [N.P.] and from the defendant's statement that he gave to the detectives." The trial court denied Ruiz's request.

## LESSER-INCLUDED OFFENSE

Ruiz argues the trial court should have instructed the jury on the lesser-included offense of ASAC because the jury could have disbelieved the testimony of the State's witnesses and concluded that the sexual abuse was committed in a 30-day period.  But an instruction on a lesser-included offense is not warranted merely because the jury may disbelieve crucial evidence pertaining to the greater offense.  *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). Instead, it is warranted solely if there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.[4] *Id.*   In other words, there must be some evidence affirmatively rebutting or negating an element of the greater offense, or some evidence subject to different interpretation, one of which rebuts or negates the crucial element.  *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd).   The State—correctly conceding ASAC is a lesser-included offense of CSAC[5]—asserts that the trial court did not err by refusing to instruct the jury as requested by Ruiz because there is no such evidence.   We agree.

---

[4] This is one of two requirements that must be met before a lesser-included offense is submitted to the jury.   *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007).   The other is that the charged offense also includes the lesser offense.   *Id.*

[5] *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex.Crim.App. 2011)(holding that "a[ ] [predicate] offense listed under Subsection (c) will always" be a lesser offense of continuous sexual abuse because the latter "is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)")[Internal quotations and emphasis omitted].

3

The record does not support an instruction on the lesser-included offense of ASAC. Ruiz does not direct our attention to some evidence that *all* the acts of sexual abuse occurred *only* within a 30-day window, and our examination of the record fails to so establish. While Ruiz is correct in that the State did present evidence of a specific date on which the acts of sexual abuse ended, *i.e.*, June 1, 2012, there is no evidence in the record to suggest that all the acts of sexual abuse did not occur for 30 days or more. That a jury could disbelieve the testimony of the State's witnesses regarding the date range for the continuous sexual abuse is not affirmative evidence that the abuse did not take place over the required number of days. *See Bignall*, 887 S.W.2d at 24. Even if jury did not believe the State's witnesses, the record establishes that the acts of sexual abuse occurred for 30 days or more. In his stationhouse interview with the police, the English transcription of which was admitted at trial, Ruiz divulged that he penetrated N.P.'s vagina with his finger in March 2012 and had sexual intercourse with her the third time "[a]bout a month and a half or two" before the interview, which took place on July 11, 2012. Based on the evidence in the record, a jury could not rationally find that if Ruiz is guilty, he is guilty only of the lesser-included offense of ASAC. Ruiz's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 29, 2015

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4