**Reversed and Remanded and Memorandum Opinion filed August 8, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00304-CR

**HENRY RICHARD BULLOCK, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1400383**

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

This appeal arises from appellant Henry Richard Bullock, Jr.'s[1] third-degree felony conviction for theft of a truck. It comes to us on remand from the Court of

---

[1] Appellant has alleged throughout the course of these proceedings that his name is actually Richard Bullock Henry, aka Imari Obadele. We use appellant's name as it appears on the trial court's judgment and on all appellate opinions in this case.

Criminal Appeals of Texas.  *See Bullock v. State*, 509 S.W.3d 921, 923 (Tex. Crim. App. 2016).

## BACKGROUND

Several employees of Cort Furniture Rental were making a furniture delivery in September 2013 with the company's delivery truck.  One of the employees heard the truck's engine start and felt it rev up several times while he was in the back of the truck, but the truck did not move because the air brake was engaged.  The employee went to investigate and discovered appellant in the truck's cab.  Appellant's hands were on the steering wheel, and appellant was pushing the gas and the brake pedals.  Appellant jumped out of the truck and ran away when confronted by the employee.  The employee chased, caught, and subdued appellant until police arrived.

The State charged appellant with theft of the truck.  At the conclusion of the presentation of evidence, appellant objected to the proposed jury charge and requested the inclusion of a charge on the lesser-included offense of attempted theft. The trial court denied the request, stating, "I believe your own testimony that you did not wish to steal the truck but rather to steal something else I believe precludes attempted theft also from being included in the charge."

The jury found appellant guilty of theft of the truck; because the truck was valued between $20,000 and $100,000, this constituted a third-degree felony.  *See* Tex. Penal Code Ann. § 31.03(a), (e)(5) (Vernon Supp. 2016).  The jury found two enhancement allegations true and assessed punishment at 30 years' confinement.

In the original appeal to this court, appellant argued in part that the trial court erred by denying his requested charge on the lesser-included offense of attempted theft. *See Bullock v. State*, 479 S.W.3d 422, 429 (Tex. App.—Houston [14th Dist.]

2015), *rev'd*, 509 S.W.3d 921 (Tex. Crim. App. 2016). We determined that no instruction on the lesser-included offense of attempted theft was required in light of appellant's trial testimony denying any intent to steal the truck. *See id.* at 429-30. We noted that the vehicle need not be physically moved to constitute theft; further, all other evidence supported a conviction for theft, not attempted theft. *See id.* We affirmed the trial court's judgment. *Id.* at 430.

Appellant filed a petition for discretionary review contending that this court erred in upholding the trial court's denial of appellant's request for a lesser-included charge on attempted theft. *See Bullock*, 509 S.W.3d at 922. The Court of Criminal Appeals determined that "there is more than a scintilla of evidence in the record from which a rational fact finder could have found that [appellant] was guilty only of attempted theft of the truck, rather than theft, and thus the court of appeals erred by concluding that the trial court properly declined to give the lesser-included-offense instruction." *Id.* at 923. The Court of Criminal Appeals reversed this court's judgment and remanded the case to us to perform a harm analysis. *Id.*

## ANALYSIS

Jury charge error requires reversal when the defendant properly objected to the charge — as appellant did here — and there was "some harm" to his rights. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Courts have "routinely" found some harm when the trial court's denial of a requested instruction on a lesser-included offense leaves the jury with the sole option either to convict the defendant of the greater offense or to acquit him. *See Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995); *see also O'Brien v. State*, 89 S.W.3d 753, 756 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) ("a finding of harm is essentially automatic" in such situations because "there is a distinct possibility that the jury, believing the defendant

to have committed some crime, but given only the option to convict him of the greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt that he really committed the greater offense"). Erroneous omission of a requested lesser-included offense also is harmful when the penalty actually imposed for the greater offense exceeds the potential maximum penalty for the lesser-included offense. *Bridges v. State*, 389 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Bignall v. State*, 899 S.W.2d 282, 284 (Tex. App.—Houston [14th Dist.] 1995, no pet.).

Here, the jury was allowed only the option to convict appellant of theft or to acquit; the jury chose to convict and assessed appellant's punishment at 30 years' confinement. Had the jury instead been allowed to consider and convict based on the uncharged lesser-included offense of attempted theft, the maximum potential sentence (even as enhanced by appellant's prior felony convictions) would have been 20 years.[2] Because (1) the Court of Criminal Appeals has held that the jury should have received a charge on the lesser-included offense of attempted theft, and (2) appellant would have received a shorter sentence had the jury convicted him of that lesser-included offense, we conclude that appellant was harmed by the failure to charge the jury on the lesser-included offense. *See Bridges*, 389 S.W.3d at 513; *O'Brien*, 89 S.W.3d at 756-57; *Bignall*, 899 S.W.2d at 284.

---

[2] The punishment category for an attempt offense "is one category lower than the offense attempted." Tex. Penal Code Ann. § 15.01(d) (Vernon 2011). In this case, the theft offense with which appellant was charged is a third-degree felony. *Id.* § 31.03(e)(5). The punishment category immediately below a third-degree felony is a state jail felony. *Id.* § 12.04(a) (Vernon 2011). But evidence that appellant had prior final felony convictions also was introduced, thereby enhancing the punishment category back to a second-degree felony. *Id.* § 12.425(c) (Vernon Supp. 2016). The maximum punishment for a second-degree felony is 20 years. *Id.* § 12.33(a) (Vernon 2011).

## CONCLUSION

We reverse the trial court's judgment and remand the cause for a new trial.


/s/    William J. Boyce
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).