**Opinion issued June 10, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01007-CR

————————————

**JOSE CARLOS RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1223684**

---

## MEMORANDUM OPINION

A jury found Jose Carlos Rodriguez guilty of murder and assessed punishment at thirty years' confinement. In four points of error, appellant contends that the trial court erred by (1) denying his request to include

manslaughter as a lesser-included offense in the jury charge; (2) admitting extraneous offense evidence in violation of Rule of Evidence 404(b); (3) admitting ballistics evidence and expert testimony after the State failed to disclose the ballistics report to the defense; and (4) denying appellant's motion for a trial continuance. We affirm.

## Background

On July 10, 2009, Everardo Mosso and Alejandro Najera went to two bars. As they were leaving the second bar, Mosso, driving Najera's car, backed out of the parking lot nearly striking appellant. The incident led to blows as Najera and Alejandro Cuevas, appellant's friend, looked on. Afterwards, Najera and Mosso, with Najera driving, drove away.

While stopped at a red light, appellant and Cuevas slowly drove alongside the right of Najera's car when Najera heard approximately five pops, saw Mosso slump forward in the passenger seat, and spotted appellant's face in the truck from which the shots were fired. Najera immediately followed the truck and was able to ram appellant's vehicle with his car before pulling into a parking lot and a witness called police. Mosso died at the scene. Later that night at the hospital, Najera identified appellant as the driver who had fought with Mosso in the bar's parking lot.

Cuevas's trial testimony was that the prior parking lot fight had sufficiently angered appellant that he instructed Cuevas to get a gun from underneath the passenger seat of appellant's truck and hand it to him. Cuevas further testified that when appellant saw Najera's car at the intersection, appellant opened fire. According to Cuevas, appellant later cleaned the gun and threw it from the car. Shortly thereafter, appellant and Cuevas were stopped by police officers who subsequently recovered a .45 caliber semi-automatic handgun from a residence less than half a mile from the intersection where the shooting had taken place.

The State's gunshot residue expert testified that gunshot residue tests revealed residue on appellant's right hand and Cuevas's left hand, consistent with appellant having firing the gun with his right hand and Cuevas, in the passenger seat, getting residue on his left hand. The State's firearms expert testified that the ballistics evidence indicated that four bullets were fired from the recovered .45 caliber firearm.

## Discussion

### A. Lesser-Included Offense

Appellant's first point of error contends that the trial court erred by denying his request to include manslaughter as a lesser-included offense in the jury charge. Specifically, appellant argues that there was some evidence that, if he was guilty,

3

he was guilty only of the lesser offense of manslaughter. The State contends that the record does not support such an instruction.

### 1. *Applicable Law*

A defendant is entitled to an instruction on a lesser offense if: (1) the proof for the offense charged includes the proof necessary to establish the lesser-included offense, and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993)). An accused is guilty only of a lesser-included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element. *See Ramirez v. State*, 976 S.W.2d 219, 227 (Tex. App.—El Paso 1998, pet. ref'd). That the jury may disbelieve crucial evidence pertaining to the greater offense is insufficient to warrant submission of the lesser-included offense to the jury; instead, there must be some evidence directly germane to the lesser-included offense to warrant such submission. *See Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

## 2. Analysis

At the conclusion of the evidence, trial counsel requested, and the Court denied, the inclusion of the lesser-included offense of manslaughter in the jury charge. Appellant argues that there is some evidence that he acted recklessly, rather than intentionally or knowingly, entitling him to an instruction on manslaughter.[1] Specifically, appellant contends that the jury could have found that the evidence that he fired a handgun in the direction of Mosso's vehicle did not prove that he intentionally or knowingly killed Mosso but only that he acted recklessly, i.e., that he consciously disregarded a substantial and unjustifiable risk that death would occur. *See* TEX. PENAL CODE ANN. 6.03(c) (West 2011).

At trial, Cuevas testified that appellant was angry after the fight with Mosso; was instructed by appellant to retrieve a gun from under the passenger seat and give it to him; and when appellant saw Najera's car, he drove up next to it, fired approximately five shots into the car, and drove off. There is simply no evidence "directly germane" to the lesser-included offense of manslaughter; that is, there is no evidence that appellant recklessly caused Mosso's death, or that the killing was

---

[1]    *Compare* TEX. PENAL CODE ANN. § 19.02(b) (West 2011) (murder) ("A person commits an offense if he: (1) intentionally or knowingly causes the death of an individual . . . .") *with* TEX. PENAL CODE ANN. § 19.04(a) (West 2011) (manslaughter) ("A person commits an offense if he recklessly causes the death of an individual."). Manslaughter has been recognized as a lesser-included offense of murder. *See Moore v. State*, 969 S.W.2d 4, 9 (Tex. Crim. App. 1998).

5

not intentional. *See Medina v. State*, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999) (concluding defendant was not entitled to lesser-included offense instruction where evidence showed that defendant intentionally fired into crowd, and finding lack of intent to kill any particular person was insufficient to warrant instruction on lesser-included offense); *Estrada v. State*, 352 S.W.3d 762, 768 (Tex. App.—San Antonio 2011, pet. ref'd) (finding that trial court did not err in denying request to include lesser-included offense where there was no evidence that bowshot that killed complaint misfired or that killing was not intentional). Having found that the trial court did not err in denying appellant's request to include a manslaughter instruction, we overrule appellant's first point of error.

## B. Extraneous Offense Evidence

In his second point of error, appellant contends that the trial court erred by admitting evidence during the guilt-innocence phase of the trial that he had previously carried a firearm on his person and in his vehicle. Appellant argues that this evidence was not relevant to the charged offense and was admitted solely to show that he had a propensity to carry a gun, in violation of Rule of Evidence 404(b). The State asserts that appellant failed to preserve his complaint because his complaint on appeal does not comport with his objection to this evidence at trial. The State further argues that error, if any, was harmless.

### *1. Applicable Law*

A trial court's decision to admit or exclude evidence of extraneous conduct is reviewed for abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *Id.* at 343–44. A trial court's ruling is generally within this zone if (1) the extraneous evidence is relevant to a material, non-propensity issue, and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* at 344.

> Rule of Evidence 404(b) provides as follows:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b).

### *2. Analysis*

On re-direct examination, the State elicited the following testimony from Cuevas:

Q. Having read this document, do you remember what you said when the police officer asked you a question about a .38?

A. Yes, sir.

Q. And what did you tell him?

A. Let me think—I just—

Q. Okay.

. . .

Q. And what was your response to that question?

A. That I ain't—I ain't carried a .38.

Q. And what else did you say?

A. Then I said something about a .38.

Q. And what else?

A. That [appellant] used to—used to have one and that I don't have a gun, that I stay with my mom—

Q. Okay.

A. —at my mom's house.

. . .

Q. Prior to that day, had you known [appellant] to carry a weapon?

[Trial counsel]: Objection, Your Honor. Can we approach on that?

[The Court]: No.

[Trial counsel]: Is that overruled, then?

[The Court]: It is.

8

[Trial counsel]: And this is—just so the Court knows—

[The Court]: I said it's overruled, Counsel. That's really all we need to know.  Now please take your seat.

[Trial counsel]: I understand that, Your Honor.  Under 404(b) this is not notice to the Defense, whatever he thinks he's going to get into.

[The Court]: Thank you, sir.  Continue, please.

. . .

Q. Had you known [appellant] to carry a gun prior to that day?

A. Yes, sir.

Q. Okay.  And do you remember the officer asking you about that?

A. Kind of.

Q. Okay. And it's okay to say "yes" or "no."  If you don't remember, you don't remember.  But independently, outside of this statement, you knew [appellant] to carry a gun?

[Trial counsel]: Objection, leading, Judge, and asked and answered.

[The Court]: Restate your question.

Q. When he would carry a gun, do you know where he would carry it?

A. Like, when he was walking? Or—

Q. Okay.  Would it refresh your memory to either hear or see your statement?

A. Yes, sir.

. . .

9

[Trial counsel]: Once again, Judge, we're going to object to this as extraneous 404(b) evidence, not notice to the Defense.

[The Court]: It's overruled.

Q. Having heard that, does that refresh your recollection about whether or not you knew [appellant] to carry a gun?

A. Yes, sir.

Q. And did you know him to carry a gun?

A. Yes, sir.

Q. And when he would carry it, where would he carry it?

A: Like, when—if he's not in the car, he carries it with him in the—in the belt.

Q. And when he is in the car, where would he have it?

A. Under the seat.

Appellant complains that Cuevas's testimony that appellant carried a .38 caliber firearm prior to the day of the shooting was irrelevant because the evidence was that a .45 caliber firearm was used. Appellant argues that Cuevas's testimony in this regard was elicited solely to show appellant's propensity to carry a gun, and admission of this evidence violates Rule 404(b).

A trial objection must comport with the complaint on appeal. *See Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (to preserve error, trial objection must comport with legal grounds argued on appeal); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (to preserve error for appellate

review, complaint on appeal must comport with objection at trial); *see also* TEX. R. APP. P. 33.1(a) (preservation of complaint for appellate review requires complaint to trial court by timely request, objection, or motion with sufficient specificity to make trial court aware of complaint, unless specific grounds were apparent from context). At trial, appellant specifically objected to the admission of the evidence regarding the .38 caliber firearm on the ground that the State gave no pre-trial notice that it intended to introduce that evidence. The appellate complaint, however, is solely grounded on the basis that it was elicited only to show appellant's propensity to carry a firearm. Because appellant's complaint on appeal does not comport with his objection in the trial court, his complaint is not preserved for appellate review. Accordingly, we overrule appellant's second point of error.

### C. Ballistics Report and Expert Testimony

In his third point of error, appellant contends that the trial court erred by admitting ballistics evidence and expert testimony because the State failed to properly disclose the ballistics report to the defense as required by the pre-trial discovery order. The State contends that it did not willfully withhold the ballistics report and that the trial court properly admitted the complained-of evidence.

## 1. Applicable Law

Code of Criminal Procedure article 39.14 provides for discovery by the defense of certain evidence within the possession or control of the State. *See* TEX. CODE CRIM. PRO. art. 39.14. Evidence that is willfully withheld from disclosure under a discovery order should be excluded from evidence. *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). Whether the prosecutor intended to willfully disobey the discovery order may be inferred from the prosecutor's actions and words. *See Oprean*, 201 S.W.3d at 728. In making this determination, "we consider whether the record indicates that (1) the prosecutor intended to harm the defense, (2) the prosecutor's actions were a strategic and purposeful effort to thwart the defense's preparation of its case, or (3) the prosecutor consciously decided to violate the plain directive of the discovery order." *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd); *see Oprean*, 201 S.W.3d at 727–28.

When reviewing a trial judge's decision to admit or exclude evidence, we must determine whether the judge's decision was an abuse of discretion. *See id.* Unless outside the "zone of reasonable disagreement," we should uphold the trial court's ruling. *See id.* If the trial judge does not enter written or oral findings of fact, we "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling

12

as long as those findings are supported by the record." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

## 2. Analysis

The record reflects that a ballistics report, prepared in April 2010, addressed the bullets and shell casings recovered near the crime scene. On May 17, 2011, the trial court entered a discovery order directing the State to furnish to trial counsel, among other things, copies of any ballistics reports in the possession of the State.

On the first day of the guilt-innocence phase of the trial, trial counsel informed the court outside of the presence of the jury, that it had only learned of the existence of the ballistics report during the previous cross-examination of one of the State's witnesses and that in his prior numerous reviews of the State's file, there was never any ballistics report therein. The prosecutor noted that the ballistics report was included in the offense report, which was included in the State's file since May 18, 2012. The State also noted that trial counsel had been on notice of the State's expert witnesses, including two ballistics experts, since February 20, 2012. Defense counsel argued in response that because the State was required to furnish a copy of—not merely allow inspection of—the ballistics report, the State had not complied with the discovery order. He further argued that the ballistics experts listed in the State's notice were not specifically denoted as

13

ballistics experts and, thus, did not provide the defense with notice that ballistics evidence would be presented.

The trial court concluded that the ballistics report had been made available to the defense, and that through proper inquiry, defense counsel could have readily determined that two of the State's experts were ballistics experts and, therefore, that the State had intended to introduce ballistics evidence. The defense counsel's objection to the admission of the ballistics evidence was overruled.

We note that although the State disputes appellant's assertion that the ballistics report was not made available to the defense, it does not address appellant's contention that it failed to furnish a copy of the report to trial counsel. However, even assuming that the prosecutor failed to comply with the discovery order by not furnishing a copy of the report to defense counsel, we are aware of no evidence in the record—and appellant directs us to none—showing that the prosecutor acted with a specific intent to willfully disobey the discovery order.[2] Further, that the State listed two ballistics experts in its expert disclosure— indicating its intent to introduce ballistics evidence—belies the notion that the State intended to harm the defense, thwart the defense's preparation of its case, or

---

[2] Notably, trial counsel's argument for suppression of the ballistics evidence reflects that he apparently did not believe that the prosecutor intentionally withheld the report from the defense ("I do not think—I am not—I am certainly—and I'm not—I'm not saying that Mr. Somers is hiding anything. I'm not saying that. I'm saying that it was not there.")

14

that the prosecutor consciously decided to violate the plain directive of the discovery order. *See Walker*, 321 S.W.3d at 22; *see Oprean*, 201 S.W.3d at 727–28. As such, we conclude that admission into evidence of the ballistics report and expert testimony was not error and overrule appellant's third point of error.

### D. Motion for Continuance

Appellant's fourth point argues that the trial court's denial of appellant's Motion for a Continuance, in order to prepare for cross-examination of the State's ballistics expert or present his own ballistics evidence, was error. The State contends that appellant has failed to demonstrate prejudice from the denial of his motion for continuance.

### 1. *Applicable Law*

After trial has begun, a trial court may grant a motion for continuance "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." TEX. CODE CRIM. PROC. ANN. art. 29.13. We review a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).

An abuse of discretion in this context is established by a showing that (1) the trial court erred by denying his motion and (2) he was harmed by the denial of a continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Janecka,* 937 S.W.2d at 468. The first prong requires the appellant to show that "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Gonzalez,* 304 S.W.3d at 843 (quoting George E. Dix & Robert O. Dawson, 42 Tex. Prac. Series: Criminal Practice and Procedure § 28.56 (2d ed. 2001)). To satisfy the second prong, an appellant need show that the trial court's ruling actually prejudiced his defense. *Janecka*, 937 S.W.2d at 468; *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995). It is not enough that the appellant was theoretically harmed; rather, a showing must be made on the record that the lack of a continuance denied appellant a fair trial. *See Gonzales*, 304 S.W.3d at 842–43.

Ordinarily, a defendant can make a showing of harm only at a hearing on a motion for new trial because only then will he be able to produce evidence showing what additional information, evidence, or witnesses he would have had available if the trial court had granted a continuance. *Gonzales*, 304 S.W.3d at 842–43; *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Speculation about the evidence that a defendant might

16

have developed had the trial court granted a continuance is not sufficient to demonstrate harm. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006).

### 2. Analysis

In his motion for continuance, appellant argued that he had not "been afforded any meaningful time to evaluate and prepare for" the ballistics evidence, and that he "would be unduly prejudiced by its admission." Appellant also asserted that the ballistics evidence "is relevant to a significant defense issue"—namely, evidence regarding the location of two fired bullets "would suggest that the complainants may have fired a gun at the Defendant prior to or during the shooting . . . ." Thus, appellant's argument in his motion for continuance was based on speculation that ballistics evidence might show that Mosso and Najera may have fired a gun at appellant prior to or during the shooting that killed Mosso.

Appellant filed a motion for new trial on November 19, 2012, in which he asserted, among other things, that "[t]he trial judge committed a material error likely to injure defendant's rights when he improperly admitted ballistics evidence not disclosed to the defense prior to trial and further denied [d]efendant's motion

for continuance." On December 27, 2012, the trial court denied his motion.[3] At the bottom of its order, the trial court noted "Defense & State given opportunity to present affidavits by 12-27-12. None filed." Thus, appellant did not present any evidence supporting his defensive theory or showing how the trial court's denial of a continuance prejudiced his defense. *See Renteria*, 206 S.W.3d at 702 (concluding that speculation about evidence defendant might have developed if trial continuance had been granted insufficient to demonstrate harm).

On the record before us, appellant has not shown that the trial court erred by denying his motion for continuance or that he was harmed by the denial of the motion. Therefore, we conclude that the trial court did not abuse its discretion by denying appellant's motion for continuance. Appellant's fourth point of error is overruled.

## Conclusion

We affirm the trial court's judgment.

---

[3] The record reflects that, on November 26, 2012, appellant filed a motion to recuse Judge Wallace from presiding over the motion for new trial because defense counsel was the subject of a contempt proceeding for alleged conduct related to this case (*Ex parte Brett Podolsky,* Cause Number 1365857). On November 28, 2012, the trial court granted the motion to recuse; Judge Krocker presided over appellant's motion for new trial.

                                                      Jim Sharp
                                                      Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).