

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00379-CR

**ROBERT ALLEN WORKMAN, JR.,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 14-04808-CRF-272**

---

## MEMORANDUM OPINION

---

Robert Workman, Jr. appeals from a conviction of violation of a protective order by assault, and because two prior felony convictions were found to be true, his sentence was assessed at thirty-eight years in prison. TEX. PENAL CODE ANN. § 25.07(g)(2) (West 2011). Workman complains that the trial court erred by (1) submitting the lesser-included offense of violation of a protective order by assault because it is not a lesser-included offense of violation of a protective order two or more times, and (2) failing to include

essential elements of the offense in the application portion of the jury charge. Because we find no reversible error, we affirm the judgment of the trial court.

## LESSER-INCLUDED OFFENSE

In his first issue, Workman complains that the trial court erred by including the lesser-included offense of violation of a protective order by assault in the jury charge because it is not a lesser-included offense of the offense for which he was indicted. Workman was indicted for the offense of violation of a protective order two or more times within a twelve month period.

To determine whether an offense is a lesser-included offense of another offense, we use the "cognate-pleading" approach, which we begin by "comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser offense." *Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). The first step in determining whether an offense is a lesser-included offense of the alleged offense is a question of law. It must "be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Hall*, 225 S.W.3d at 535-36. "[W]hen the statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge[] is the single method alleged in the indictment." *Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011) (*citing Gollihar v. State*, 46

S.W.3d 243, 254 (Tex. Crim. App. 2001)). The second step in this analysis asks whether

there is evidence that supports giving the instruction to the jury. *Id.* at 536. That is, there

must be evidence in the record that would permit a jury to rationally find that the

defendant is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.

Crim. App. 1993). Appellate courts should review all the evidence presented in trial in

making this determination. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

The elements of Section 25.07 that were authorized by the indictment are as

follows:

> (a) A person commits an offense if, in violation of … an order issued under
> … Chapter 83, Family Code, if the temporary ex parte order has been
> served on the person, … the person knowingly or intentionally:
>    (1)  commits family violence …;
>
>        …
>    (3)  goes to or near any of the following places as specifically
>    described in the order or condition of bond:
>    (A)  the residence … of a protected individual or a member of the
>    family or household…

TEX. PENAL CODE ANN. § 25.07.

Section 25.072 of the Penal Code provides that "[a] person commits an offense if,

during a period that is 12 months or less in duration, the person two or more times

engaged in conduct that constitutes an offense under section 25.07," which makes the

offense a third degree felony. TEX. PENAL CODE ANN. § 25.072(a), (e). However, the jury

did not find that Workman was guilty of the indicted offense. At the charge conference,

the State requested that the lesser included offense of violation of a protective order by

assault be included in the charge, and the trial court approved the inclusion over Workman's objection. Workman was found guilty of the lesser included offense pursuant to Section 25.07(g) which provides that the offense is a third-degree felony if the defendant violated the order by committing an assault. TEX. PENAL CODE ANN. § 25.07(g). Workman complains that the trial court erred by including the lesser included offense in the jury charge.

The application paragraph in the jury charge for the primary offense stated:

Now, if you find beyond a reasonable doubt that on or about March 24, 2014, in Brazos County, Texas, the defendant, ROBERT WORKMAN, JR., did then and there during a continuous period that was twelve months or less in duration, namely, from on or about the 24th day of March, 2014 through the 27th day of March, 2014, engage in conduct two or more times that constituted an offense under Section 25.07 of the Texas Penal Code, namely, on or about the 24th day of March, 2014, in Brazos County, Texas, the defendant did then and there intentionally or knowingly violate the terms of an order issued by Jim Locke of the 85th District Court of Brazos County, Texas on the 13th day of March, 2014 under authority of Chapter 83 of the Texas Family Code, by intentionally or knowingly committing family violence against Markeisha Shields, to wit: striking or dragging or pushing her with his hand

AND

You further find that on or about the 27th day of March, 2014, in Brazos County, Texas the defendant did then and there intentionally or knowingly violate the terms of an order issued by J.D. Langley of the 85th District Court of Brazos County, Texas on the 26th day of March, 2014 under authority of Chapter 85 of the Texas Family Code, by intentionally or knowingly going within 200 feet of the residence of Markeisha Shields, described in said protective order, then you will find the defendant guilty of Violating a Protective Order or Magistrate's Order Two or More Times Within a Twelve Month Period as charged in the indictment.

The lesser included offense included in the jury charge stated:

> Now, bearing in mind the foregoing instructions, if you solely find beyond a reasonable doubt that on or about the 24th day of March, 2014, in Brazos County, Texas, the defendant did then and there intentionally or knowingly violate the terms of an order issued by Jim Locke of the 85th District Court of Brazos County, Texas on the 13th day of March, 2014 under authority of Chapter 83 of the Texas Family Code, by intentionally or knowingly committing family violence against Markeisha Shields, to wit: striking or dragging or pushing her with his hand, then you will find the defendant guilty of the single offense of Violation of a Protective Order by Assault.

Workman complains that the offense of violating the protective order by committing an assault is not a lesser-included offense of violating a protective order two or more times because the offense of violation of a protective order two or more times does not require a finding that Workman committed an assault as defined in the Penal Code, but rather committed family violence. The only difference between the language in the first paragraph of the greater offense and the lesser-included offense is the addition of the words "then you will find the defendant guilty of the single offense of Violation of a Protective Order by Assault." The allegations presented by the indictment are the same from the greater offense to the lesser offense included in the jury charge.

Family violence, by its definition, can be committed by an act that is intended to result in an assault. The allegations in the indictment were limited to committing family violence by striking or dragging or pushing the victim with his hand. The Dallas Court of Appeals addressed the issue of whether the alleged manner and means of committing family violence of striking the victim in the face or head with the defendant's hand was

sufficient to allege the felony offense of violation of a protective order by committing assault. *See Berry v. State*, No. 05-13-01186-CR, 2015 Tex. App. LEXIS 5853 at *12 (Tex. App.—Dallas June 10, 2015, pet. ref'd). The Dallas court held that it could not envision a scenario where a man striking a woman in the face or head with his hand would not commit an assault. *See id*. Those facts are fairly analogous to the facts alleged in this proceeding regarding the manner and means of the commission of the violation of the protective order, which was to commit family violence by striking, dragging, or pushing the victim with Workman's hand. Like the Dallas court, we agree that the allegations, if true, would constitute an assault.[1]

We find that the offense of which Workman was convicted, as alleged by the indictment and included in the jury charge, was a lesser-included offense of the primary offense of Violation of a Protective Order Two or More Times because of the single manner and means of committing the violation that was included in the indictment. We overrule issue one.

## JURY CHARGE ERROR

In his second issue, Workman complains that the application paragraph for the lesser-included offense of violation of a protective order by assault in the guilt-innocence phase of the jury charge was erroneous because it did not apply essential elements of the

---

[1] Workman does not challenge the sufficiency of the evidence regarding whether or not he committed the offense of Violation of a Protective Order by committing an assault, where he could have challenged the sufficiency of the evidence regarding whether or not an assault in fact occurred.

offense. Specifically, Workman complains that the paragraph erroneously omitted the terms "caused bodily injury," "the act was intended to result in physical harm, bodily injury, or assault," and "if the temporary ex parte order has been served on the person." Workman concedes that he did not specifically object to the absence of these elements in the charge presented to the jury.

We must first determine whether the charges as submitted to the jury were erroneous and if so, we must then analyze these complaints utilizing the standards set forth in *Almanza v. State*. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (*citing Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), *citing Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171. It is undisputed that Workman did not object to the language contained in the application paragraph in the jury charge.

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas*, 202 S.W.3d at 144. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

The State concedes that the jury charge was erroneous for failing to include the allegation that the protective order had been served on Workman. The State does not concede that the jury charge was erroneous for failing to require findings that Workman "caused bodily injury" or that "the act was intended to result in physical harm, bodily injury, or assault."

Although the court's charge does define "assault," the definition does not appear in the application paragraph concerning violation of a protective order by assault. The application paragraph on violation of a protective order by assault does not require the jury to find that Workman committed "assault" before finding him "guilty of violation of a protective order by assault as charged in the indictment." The charge does not allege that Workman had been served with a copy of the protective order. We find that the court's charge was erroneous in those respects. Additionally, Workman complains that assault is a result-of-conduct offense and the violation of a protective order is a nature-of-conduct language and the inclusion of both without proper connections exacerbated the harm from the other errors. We must next determine whether Workman was egregiously harmed by the erroneous jury charge.

The application paragraph of the jury charge did not define "assault" but it required the jury to determine whether Workman was guilty of "Violation of a Protective Order by Assault" if it did not find that Workman had violated the protective order two or more times in the first application paragraph but had violated the terms of the

protective order by "intentionally or knowingly committing family violence against Markeisha Shields to wit: striking or dragging or pushing her with his hand." The charge's instruction regarding what constitutes a third degree felony for violating the protective order included violating the protective order by committing assault as well as by violating the protective order two or more times. There were also instructions as to the statutory definitions of "family violence," "assault," and "bodily injury."

The evidence included testimony from an eyewitness to the alleged assault who was a child who was 8 years old at the time of the offense, photographs of Shields's injuries, the 911 tape where Shields had called the police right after the alleged assault occurred, and testimony of the law enforcement officer who was at the scene and spoke with Shields on March 24. Shields did not appear at trial even though she had been subpoenaed by the State. There was also testimony by a deputy regarding personal service of the temporary protective order on Workman. There was no dispute that Workman had been served with the temporary protective order or that he was present at the scene on the night of the alleged assault.

In Workman's final argument, he attempted to cast suspicion on the accuracy of the child's eyewitness account of the offense as well as Shields's failure to appear to testify. Workman argued that there was no evidence to establish that there was any bodily injury proved by the State. Workman did not contend that he was not served with the temporary protective order, but attempted to cast suspicion on whether or not he

understood what the protective order required. The State argued that the testimony of the eyewitness was accurate and believable and that Shields likely did not appear because she was fearful of Workman. The State also pointed to the photographs and other evidence to support the inference that Shields had suffered bodily injury from Workman's assault.

The jury was able to see the results of what occurred between Workman and Shields in the photographs and heard the emotional tenor of Shields's voice in the 911 call. There was no dispute that Workman had been served with the protective order, which is all that is required pursuant to the statute. Further, the jury was required to find that Workman intentionally or knowingly violated the protective order, which would require that he had knowledge that the order existed, which was also not challenged by Workman. Viewing the jury charge, the state of the evidence, the arguments of the parties, and the record as a whole, we do not find that Workman was egregiously harmed by the errors in the jury charge. We overrule issue two.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins

Affirmed

Opinion delivered and filed February 1, 2017

Do not publish

[CRPM]

